CLARENCE E. McMANUS, Judge.
|2The parties were married on June 14, 1997. One child was born of the marriage on October 23, 2000. Thereafter, the parties were divorced on December 15, 2003. On June 27, 2003, the parties entered into a joint custody agreement, where the parties shared legal joint custody with alternating one week periods. No custodial parent was designated at that time, and no agreement as to child support was made.
On May 20, 2009, Ms. Broussard filed a Rule to Change Custody and for Child Support, alleging that the custody agreement which they had been following was no longer workable. At this time, the child was eight years old and attending school. Ms. Broussard requested that a more traditional plan of custody be implemented and that she be named the custodial parent, and she also requested that the court set an amount of child support. Mr. Rogers filed exceptions of vagueness and/or ambiguity and no cause of action. Thereafter, Ms. Broussard filed a supplemental pleading alleging facts to support her request for a change in custody. At the hearing on August 13, 2009, the trial court orally granted the ^exceptions in part and denied in part. However, no written judgment was rendered until March 5, 2010.
Upon recommendation of the hearing officer, the trial court entered an interim judgment of child custody on October 2, 2009. The judgment provided that Mr. Rogers would have visitation every other weekend, from after school on Friday afternoon until 6 p.m. on Sunday, and on every Tuesday and Thursday from after school until 8 p.m. A final judgment was rendered on February 10, 2010, with the same schedule, except that Mr. Rogers was given two days a week, unnamed, with overnight visitation. No appeal was taken from this judgment.
On January 15, 2010, Ms. Broussard filed a second rule to establish child support. The trial court rendered an interim judgment of support on February 24, 2010, in the amount of $225.00 per month. Ms. Broussard objected to the recommendations of the hearing officer, and on March 4, 2010 the trial court rendered a judgment denying her objection. On March 5, 2010, the trial court rendered a judgment which granted the exception of prematurity to Ms. Broussard’s first rule for child support, thereby reducing to writing his oral ruling of August 13, 2009. The mother has appealed from these rulings.[1]

*829
Appeal from the Ruling of March 4, 2010

In this appeal, Ms. Broussard alleges that the trial court erred in calculating child support. She contends that the wrong schedule was used, namely that the hearing officer and the trial court utilized Schedule B (LSA-R.S. 9:315.9) instead of Schedule A (LSA-R.S. 9:315.8).
LSA-R.S. 9:315.8 provides for the setting of child support in joint custody cases, and states that Worksheet A is to be utilized in calculating child support. |4 However, LSA-R.S. 9:315.8(E) provides that “ ‘Joint Custody[1] means a joint custody order that is not shared custody as defined in R.S. 9:315.9”. A shared custody agreement is specifically excluded from the provisions of LSA-R.S. 9:315.8.
LSA-R.S. 9:315.9[2] provides that “ ‘Shared custody” means joint custody in which each parent had physical custody for an approximately equal amount of time.” In determining whether a particular arrangement is shared, LSA-R.S. 9:315.9 does not bind the trial court to a threshold percentage determined solely on the number of days. Rather, the statute mandates an “approximately equal amount of time.” The trial court has discretion in determining whether a particular arrangement constitutes “shared custody,” justifying the application of LSA-R.S. 9:315.9. Martello v. Martello, 06-0594 (La.App. 1 Cir. 3/23/07), 960 So.2d 186, 195-6.
In this case, the trial court ordered Mr. Rogers to have the child every other weekend from Friday afternoon until Sunday night and two overnights per week. The court determined that this agreement constituted shared custody, in that the mother had the other weekends from Friday afternoon, and the other two nights | ^during the week. While the court did state that if a visitation night was missed, there would be no rescheduling, the custody schedule had not yet been implemented, and so the father had not consistently missed visitation under this schedule.
Ms. Broussard argues that the trial court improperly applied R.S. 9:315.8(E)(2) *830 in determining that the father’s custody equaled approximately one-half of the time. She calculates that the father has custody for 42.85% of the time, arguing that the Friday and Sunday visitations constituted one-half day each. While R.S. 9:315.8 and R.S. 9:315.9 do not define what constitutes a day for custody purposes, R.S. 9:315.8(E)(2) does provide that for the purposes of determining child support credit, what constitutes a day shall be determined by the court, however it must consist of at least 4 hours.
The trial court did not state that he used R.S. 9:315.8(E)(2) in calculating custody. However, we find nothing in the statutes that prohibits the trial court from determining what a day is for the purposes of determining custody, and nothing that prohibits the court from considering R.S. 9:315.8(E)(2) as guidance.
Ms. Broussard also cites this court’s decision in In re: Borne v. Sutton, 04-826 (La.App. 5 Cir. 12/28/04), 892 So.2d 128, for the proposition that the custody/visitation arrangement in this case does not constitute shared custody. In that case, while the court granted increased visitation to the father, it did not define the custody determination as a shared custody arrangement. Furthermore, the father did not argue that the custody was shared custody during the support hearing, and did not raise the issue of shared custody or Worksheet B in the trial court. This Court considered the manifest error rule and determined that there was no manifest error in the ruling of the trial court. Accordingly, In re: Bone v. Sutton is not dispositive of the case before us.
IfiOur review of the court’s custody decree reflects no abuse of discretion in the trial court’s finding of shared custody.
LSA-R.S. 9:315.9(B) provides that in cases of shared custody, Worksheet B shall be used to determine child support. In this case, the hearing officer calculated child support utilizing Worksheet B, and the trial court adopted this calculation in determining child support. A trial court’s child support order will not be reversed absent abuse of discretion. In re: Borne v. Sutton, supra. We find no abuse in the determination of the trial court.

Appeal from the Ruling of March 5, 2010

Ms. Broussard alleges that the trial court erred in granting the exceptions of ambiguity and no cause of action to her first petition for child support. In its oral reasons for judgment, the court stated that it was granting the exception to the claim for child support because “you do have to have an actual change in custody ... before you can state a cause of action for a modification of support.”
The transcript of the hearing on the issue of child custody makes some reference to a prior support obligation of $10.00 to $13.00; however there is nothing in the record to show that there was a prior award of child support to the mother. Since there was no prior award of support, the trial court erred in determining that plaintiff requested a change in the support award as opposed to an initial determination of support.
We note that the custody decree that was modified was also a decree of shared custody, and therefore the same award of support would be applicable. Accordingly, we amend the judgment of the trial court to award child support retroactive to the filing date of the first request for child support on May 20, 2009. LSA-R.S. 9:315.21.
|7For the above discussed reasons, the trial court’s judgment finding that the custody agreement was a shared custody agreement and that the use of Worksheet *831 B for calculating child support was warranted is affirmed. The judgment is amended to make the award retroactive to May 20, 2009, the date of filing of Rule to Change Custody and for Child Support. Costs are assessed equally between the parties.

AFFIRMED AS AMENDED

ROTHSCHILD, J„ dissented and assigned reasons.

. The father’s attorney withdrew as counsel of record on September 16, 2010. No brief was filed on the father’s behalf.

. LSA-R.S. 9:315.9 provides:
A. (1) "Shared custody” means a joint custody order in which each parent has physical custody of the child for an approximately equal amount of time.
(2) If the joint custody order provides for shared custody, the basic child support obligation shall first be multiplied by one and one-half and then divided between the parents in proportion to their respective adjusted gross incomes.
(3) Each parent’s theoretical child support obligation shall then be cross multiplied by the actual percentage of time the child spends with the other party to determine the basic child support obligation based on the amount of time spent with the other party.
(4) Each parent’s proportionate share of work-related net child care costs and extraordinary adjustments to the schedule shall be added to the amount calculated under Paragraph (3) of this Subsection.
(5) Each parent’s proportionate share of any direct payments ordered to be made on behalf of the child for net child care costs, the cost of health insurance premiums, extraordinary medical expenses, or other extraordinary expenses shall be deducted from the amount calculated under Paragraph (3) of this Subsection.
(6) The court shall order each parent to pay his proportionate share of all reasonable and necessary uninsured medical expenses under the provisions of R.S. 9:315(C)(7) which are under two hundred fifty dollars.
(7) The parent owing the greater amount of child support shall owe to the other parent the difference between the two amounts as a child support obligation. The amount owed shall not be higher than the amount which that parent would have owed if he or she were a domiciliary parent.
B. Worksheet B reproduced in R.S. 9:315.20, or a substantially similar form adopted by local court rule, shall be used to determine child support in accordance with this Subsection.