JUDE G. GRAVOIS, Judge.
| j>Defendant/appellant Joseph Guerrero appeals the trial court’s judgment of May 25, 2010 that held him in contempt of court for his failure to pay his ex-wife previously ordered retirement benefit arrearages, attorney’s fees and court costs.
These proceedings stem from plaintiff/appellee Maritza Rodriguez Guerrero’s Motion and Order to Amend Consent Judgment for Partition of Community Property and Motion for Contempt requesting that the trial court amend the language of the parties’ 1996 Consent Judgment partitioning their community property in order to facilitate collection of her community portion of Mr. Guerrero’s retirement benefit from the payor, The United States Navy. Over the course of several hearings, the trial court amended the 1996 Consent Judgment, as requested by Mrs. Guerrero, found Mr. Guerrero in contempt thereof, and ordered him to pay retirement benefit arrearages, attorney’s fees and court costs. On appeal, Mr. Guerrero argues that he is entitled to the protection of The Soldiers and Sailors Civil Relief Act, 50 App. U.S.C. § 520, et seq., and that the trial court was without jurisdiction to amend the Consent Judgment because the amendment impermissibly altered the substance of the judgment. He further argues that the | .¡trial court was without authority to hold him in contempt for failure to satisfy this invalid judgment.
For the reasons that follow, we affirm.

*739
FACTS AND PROCEDURAL HISTORY

This case has a labyrinthine procedural history that we attempt to untangle below.
The plaintiff, Maritza Rodriguez Guerrero, and the defendant, Joseph Guerrero, were married in South Carolina on February 3, 1972, and at some point established their marital domicile in the Parish of Jefferson. Mrs. Guerrero filed a Petition for Divorce against Mr. Guerrero in Jefferson Parish on May 21, 1993. They were divorced in Jefferson Parish on July 27, 1994. On December 4, 1996, the parties entered into a Consent Judgment for Partition of Community Property, which contained two provisions pertinent to this appeal. First, subsection 2 in the section entitled “To Maritza Rodriguez” provides as follows:
Maritza Guerrero shall receive, and does hereby receive, her portion of Joseph Guerrero’s Federal retirement plan with the United States Navy, pursuant to the Simms [sic] case formula (Sims v. Sims, 358 So.2d 919 (La.1978)), and the parties stipulate that there are twenty-one (21) years of community service.
Second, the following paragraph is included in the general provisions of the Consent Judgment:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that should any of the partitioned property be insufficiently or incorrectly described herein, either party shall immediately, when called upon to do so by the other party in writing, execute such amendatory acts as many [sic] be necessary or required to vest title in the proper party or to sufficiently or correctly describe the property, without additional consideration being given.
The instant proceedings began on October 10, 2008 when Mrs. Guerrero filed a Motion and Order to Amend Consent Judgment for Partition of Community 14Property and Motion for Contempt. Therein, citing the two provisions of the Consent Judgment quoted above, Mrs. Guerrero alleged that in 2008, she learned that Mr. Guerrero had retired from the Navy sometime in 2006, had failed to inform her of that fact, and had further failed to pay her rightful portion of his monthly retirement benefit as per the Consent Judgment. After contacting the payor and receiving information as to how to apply to receive her share of Mr. Guerrero’s monthly retirement benefit, Mrs. Guerrero contacted Mr. Guerrero in writing and sought from him an amendment of the Consent Judgment to express her portion of the retirement benefit as a specific percentage calculated by the months of community service rather the years of community service, as per the directive of the payor. After Mr. Guerrero failed to respond, Mrs. Guerrero filed the Motion to Amend and for Contempt, wherein she sought not only the requested amending language, but also retirement benefit arrearages, attorney’s fees, and costs associated with the Motion. Mrs. Guerrero also requested that Mr. Guerrero be found in contempt of court for willfully disobeying/refusing to comply with the Consent Judgment.
The record shows that although correspondence was exchanged between Mrs. Guerrero’s and Mr. Guerrero’s counsels concerning the Motion to Amend, Mr. Guerrero failed to appear at the hearing held before the hearing officer on December 18, 2008, nor at the hearing held before the district court on January 9, 2009. On February 26, 2009, the district court rendered a “default” judgment in favor of Mrs. Guerrero on the Motion to Amend, noting that she presented proof that Mr. Guerrero had been served with the Motion to Amend, yet failed to appear. The judgment rendered the amendatory language *740 as requested by Mrs. Guerrero.[1] |BThe judgment did not hold Mr. Guerrero in contempt as requested, however, but ordered the arrearages due to Mrs. Guerrero be calculated, ordered Mr. Guerrero to pay Mrs. Guerrero an unspecific sum at some future date after the amount of arrearages had been calculated, and ordered Mr. Guerrero to pay Mrs. Guerrero’s attorney’s fees and court costs in the amount of $2,409.69 incurred through January 9, 2009 by May 26, 2009, as prayed for.
The record contains no additional pleadings until July 29, 2009, four months later, when Mr. Guerrero filed a Petition to Annul Judgment, arguing that the “default” judgment rendered by the court on February 26, 2009 should be declared null because Mr. Guerrero had never been served with the Motion to Amend or notice of the judgment.
Thereafter, the parties filed other motions that were heard on October 27, 2009.[2] A judgment on November 20, 2009 set all matters before the court for trial on February 10, 2010. The judgment further set discovery cut-off dates and ruled on other housekeeping matters. On October 27, 2009, Mrs. Guerrero filed a Dilatory Exception of Unauthorized Use of Summary Proceedings with Incorporated Memorandum that was referred to the February 10, 2010 trial.
On November 17, 2009, Mrs. Guerrero filed a Motion to Compel Discovery, and for Attorney Fees and Court Costs, which was heard on January 13, 2010 and granted in a judgment dated January 15, 2010.
On January 25, 2010, Mr. Guerrero filed a Peremptory Exception to Dismiss Amended Petition for Lack of Jurisdiction,[3] suggesting that the court lacked | (jurisdiction to hear the Motion to Amend Consent Judgment as per 10 U.S.C. § 1223.[4] Mrs. Guerrero opposed the Exception, pointing out that the proper way to except to the court’s jurisdiction was by declinatory, not peremptory, exception. She further noted that nowhere in his Petition to Annul did Mr. Guerrero object to the court’s jurisdiction. The peremptory exception was referred to the trial on February 10, 2010.
On February 3, 2010, Mrs. Guerrero filed a Motion and Order for Contempt, contending that Mr. Guerrero had again failed to respond to discovery previously ordered by the court on January 15, 2010, and should thus be found in contempt of court. The matter was set to be heard with the other matters set for trial on February 10, 2010.
*741 Trial of the various motions, petitions, and exceptions occurred on February 10, 2010, at which both parties and their counsel appeared. The trial court ruled from the bench, followed by a written judgment on March 1, 2010. The trial court found Mr. Guerrero in contempt of court for his willful disobedience of the court’s previous orders for his failure to respond to discovery as ordered by the court’s January 15, 2010 judgment. The judgment denied Mr. Guerrero’s Peremptory Exception to jurisdiction, but granted Mrs. Guerrero’s Dilatory Exception of Unauthorized Use of Summary Proceedings.
The judgment further denied Mr. Guerrero’s Petition to Annul Default Judgment, finding that he admitted at the hearing to receiving proper service of the Motion to Amend. The judgment further decreed that the February 26, 2009 judgment be made “executory.” The court additionally cast Mr. Guerrero with attorney’s fees in the amount of $5,000 and court costs in the amount of $1,336.11 to be paid not later than April 12, 2010. Mr. Guerrero was further ordered to |7provide Mrs. Guerrero with all information concerning his military retirement for the period of July 1, 2006 through August 1, 2009 in order to determine the full amount of arrearages owed to Mrs. Guerrero. The judgment further ordered Mr. Guerrero to pay Mrs. Guerrero $3,000 per month commencing on May 12, 2010 towards any and all arrearages of retirement pay due her. The judgment provided for further proceedings should the parties not agree on the amount of ar-rearages owed to Mrs. Guerrero. The judgment ruled that Mr. Guerrero’s wages would not be garnished at that time to satisfy the arrearages, although it implied the possibility of future garnishment.
On April 1, 2010, Mr. Guerrero filed a Motion for New Trial, arguing that the judgment on the Motion to Amend (rendered on February 10, 2010 and signed on March 1, 2010) exceeded the scope allowed by LSA-C.C.P. art. 1951 in that the Consent Judgment did not include an award of future retirement benefits to Mrs. Guerrero. Mr. Guerrero further argued that Mrs. Guerrero had remarried and thus was not entitled to “post divorce payments” under the Former Spouses Protection Act (no citation given). He also argued that the Sims case was not applicable to reservists like Mr. Guerrero.
Next, on April 19, 2010, Mr. Guerrero filed a Petition and Order for Appeal, representing that a final judgment was rendered in the above entitled matter “as of April 15, 2010,” and that he prayed that the Court would “grant a suspensive appeal from the Judgment expected to be rendered on or about April 16, 2010.” The trial court denied the Petition for Suspen-sive Appeal on April 23, 2010,[5] with a handwritten note:
| ^Pursuant to C.C.P. Art. 2123 the delay for taking a suspensive appeal is 30 days from the expiration of the delay for applying for a new trial. Judgment signed on March 1, 2010. X J B Darensburg
On April 23, 2010, Mrs. Guerrero filed a Motion and Order for Contempt, contending that Mr. Guerrero had willfully disregarded the court’s judgment of February 10, 2010 in that he had failed to pay her the $5,000 in attorney’s fees and $1,336.11 in court costs as previously ordered therein.
*742 On May 11, 2010, Mrs. Guerrero filed a pleading styled as “Peremptory Exception of Prescription with Incorporated Memorandum.” Therein, she argued that Mr. Guerrero’s Motion for New Trial, filed on April 1, 2010, was untimely, the underlying judgment having been filed into the record on March 1, 2010, with a certified copy having been forwarded to Mr. Guerrero’s counsel by certified mail, with a return receipt therefor showing delivery on March 4, 2010. She also argued that the Motion for New Trial violated LSA-C.C.P. art. 863 in that it contained unverified (and untrue) allegations that Mrs. Guerrero had remarried after her divorce from Mr. Guerrero.
Mr. Guerrero opposed the Exception of Prescription, arguing that there was no evidence that he was served with Notice of the March 1, 2010 judgment, as required by LSA-C.C.P. art. 1974, and thus the time for filing a motion for new trial had not yet begun.[6] (Mr. Guerrero did note, however, that he had complied with other parts of that judgment in that he provided “all retirement information” to Mrs. Guerrero within the time limits set therein.)
Mr. Guerrero also responded to Mrs. Guerrero’s April 23, 2010 Motion for Contempt, arguing that the district court’s award to her of $3,000 per month towards arrearages (in the February 10, 2010/ March 1, 2010 judgment) was an | impermissible amendment of the Consent Judgment and outside the scope of LSA-C.C.P. art. 1951.
Further opposing Mr. Guerrero’s Motion for New Trial, Mrs. Guerrero asserted in a Response filed on May 25, 2010 that Notice of the signing of judgment on March 1, 2010 was not required by LSA-C.C.P. arts. 1913 or 1914 because the judgment was rendered in open court immediately following the trial.
These matters came for hearing on May 25, 2010. In open court, the trial court denied Mr. Guerrero’s Motion for New Trial, and granted Mrs. Guerrero’s Exception of Prescription. Mr. Guerrero was found in contempt of court and ordered to pay Mrs. Guerrero’s counsel the previously ordered attorney’s fees of $5,000 and court costs of $1,336.11, and was also ordered to pay Mrs. Guerrero the previously ordered sum of $3,000 within 10 days of the hearing date of May 25, 2010, or be subject to jail time. Mr. Guerrero was cast with additional attorney’s fees and court costs, payable within sixty days of the judgment. Finally, the court ordered immediate garnishment of Mr. Guerrero’s wages until the arrearages of $99,936.78 owed to Mrs. Guerrero was satisfied. A judgment to this effect was signed on June 10, 2010. Notice of judgment was mailed to the parties on June 15, 2010. Written reasons were entered into the record on June 23, 2010.
Mr. Guerrero filed a Petition and Order for Appeal on May 27, 2010. The trial court granted the Petition for Appeal but “only regarding the Issue of Motion for New Trial, Prescription, & fees related to the hearing on May 25, and garnishment” (by handwritten note on the Order for appeal).
Mr. Guerrero filed another Petition and Order for Appeal on June 25, 2010, praying for a suspensive appeal from the judgment rendered on May 24, 2010.[7] [ inThe *743 trial court granted the Petition, however limiting the appeal to “Only for Rule for Contempt Issue.” Mr. Guerrero filed an Appeal Bond on July 20, 2010.

FIRST ASSIGNMENT OF ERROR

Mr. Guerrero argues in his first assignment of error that the judgments against him were taken in violation of the Soldiers and Sailors Relief Act. He argues that Mrs. Guerrero instituted these proceedings without including the required non-military affidavit.
The Soldiers and Sailors Relief Act of 1940 was succeeded by the Servicemem-bers Civil Relief Act, 50 App. U.S.C. § 520, et seq., effective in December of 2003. Its provisions are applicable to active service members. The purpose of this section is to protect persons in the military from having default judgments entered against them without their knowledge. It does not prevent entry of such a judgment when there has been notice of pendency of the action and adequate time and opportunity to appear and defend. Roqueplot v. Roqueplot, 410 N.E.2d 441, 43 Ill.Dec. 441, 88 Ill.App.3d 59.
The record fails to support Mr. Guerrero’s claim. The instant proceedings were brought because Mrs. Guerrero had learned that Mr. Guerrero retired from active service in the United States Navy in 2006, a fact that Mrs. Guerrero proved and Mr. Guerrero admitted. The record and testimony showed that Mr. Guerrero was not employed by the military during any time in these current proceedings, but rather was employed by a private company which provided consulting services to the armed forces of the Central African Republic. As such, Mr. Guerrero failed to show that he was entitled to application of the provisions of this Act.
Further, in any event, the record shows that Mr. Guerrero’s counsel had notice of the action and Mrs. Guerrero proved at the hearing on the Petition to | ¶, Annul Default Judgment that she properly served Mr. Guerrero. We find no merit to this assignment of error.

SECOND ASSIGNMENT OF ERROR

Mr. Guerrero next argues that the court was without jurisdiction to amend the 1996 Consent Judgment except to make corrections and calculations of the figures thereof. He argues that the trial court went beyond the scope of LSA-C.C.P. art. 1951 when it awarded damages, court costs, and attorney’s fees not contemplated in the Consent Judgment; in particular, the February 10, 2010 judgment’s awards of $3,000 per month to Mrs. Guerrero for arrearag-es, and the awards for attorney’s fees of $5,000 and court costs of $1,336.11.
In response, Mrs. Guerrero argues that Mr. Guerrero’s appeal of the relief granted in the judgment on the Motion to Amend is not timely, with the only issue properly on appeal before this court being the contempt finding made on May 25, 2010. Mr. Guerrero was held in contempt of court on May 25, 2010, and was cast with various costs and attorney’s fees. As noted above, he filed two motions for appeal regarding that judgment, both well within the time delays for an appeal. Thus, his appeals of the May 25, 2010 contempt judgment are timely.
Mr. Guerrero did not, however, appeal the February 26, 2009 judgment, wherein the court granted the motion to amend the language of the Consent Judgment. Four months after that judgment’s rendition, Mr. Guerrero filed a Petition to Annul the judgment, arguing only that he did not receive service of the Motion to Amend nor notice of the judgment rendered on February 26, 2009. These claims were found to have no merit at the hearing on the Petition to Annul held on February *744 10, 2010, whereupon the trial judge denied the Petition to Annul.
112An action for nullity is “not a substitute for an appeal from a judgment that might be erroneous due to insufficient evidence or a misinterpretation of substantive law but is a separate remedy designed to afford relief to a party against a judgment procured by methods viewed with disdain by the judiciary.” Andrus v. Chrysler Fin. Corp., 99-105, p. 7 (La.App. 8 Cir. 6/2/99), 741 So.2d 780, 784, writ denied, 99-1968 (La.10/15/99), 748 So.2d 1150. Accordingly, as the Petition to Annul was denied, the trial court finding no merit to Mr. Guerrero’s claim of lack of service, and also because no timely appeal was filed from the February 26, 2009 judgment, that portion of the judgment that granted Mrs. Guerrero’s request to amend the language of the Consent Judgment is final and not before this court.
In any event, the amendment to the language of the Consent Judgment was within the scope of relief authorized by LSA-C.C.P. art. 1951. In the trial court’s judgment of February 26, 2009, the Consent Judgment’s language was amended to express Mrs. Guerrero’s portion of Mr. Guerrero’s retirement benefit in terms of months rather than years, as per the Sims formula. Other courts have held that this sort of amendment is a change in phraseology authorized by LSA-C.C.P. art. 1951 and is thus permissible. See Kerr v. Kerr, 479 So.2d 977 (La.App. 3 Cir.1985). Further, C.C.P. art. 1951 states that a final judgment may be amended by the trial court on the motion of any party or on its own motion, at any time. Thus, the trial court did not err in awarding Mrs. Guerrero this relief in its February 26, 2009 judgment.
In his petitions for appeal and his appellate brief, Mr. Guerrero argues that the trial court’s judgments awarding Mrs. Guerrero arrearages, attorney’s fees, and court costs as a result of being held in contempt of court went beyond the scope of the Motion to Amend and the authority of LSA-C.C.P. art. 1951, and thus those 11sportions of the judgments must be reversed because he cannot be held in contempt of an invalid judgment. We find the February 10, 2010 judgment valid, however.
Mrs. Guerrero’s Motion to Amend clearly sought relief in addition to the amending language; it sought arrearages, attorney’s fees, court costs, and a contempt finding, not merely an amendment of the Consent Judgment.[8] This relief was in addition to the relief granted under LSA-C.C.P. art. 1951. As noted above, Mr. Guerrero was not held in contempt on February 26, 2009, when the trial court rendered the amending language. Mr. Guerrero was not cast in judgment for the $5,000 in attorney’s fees, $1,336.11 in court costs, and $3,000 per month in arrearages until the trial court’s judgment of February 10, 2010, which followed a full trial and was rendered in open court in the presence of Mr. Guerrero.[9] This relief did not constitute *745 an amendment of the 1996 Consent Judgment; it was granted as a result of Mr. Guerrero’s failure to obey the 1996 Consent Judgment.
Mr. Guerrero’s particular arguments regarding the validity of the February 10, 2010 judgment are without merit. As previously noted, the amending language was rendered in the February 26, 2009 judgment, which was not appealed. The awards of arrearages, attorney’s fees, and court costs were awarded after a full trial on the merits on February 10, 2010, at which Mr. Guerrero and his counsel appeared. The court did not hold Mr. Guerrero in contempt of court for failure to pay those sums until its judgment of May 25, 2010, at which Mr. Guerrero and his [ ucounsel also appeared.[10] Mr. Guerrero has failed to advance on appeal any credible argument that the judgment rendered at the February 10, 2010 trial is invalid. Thus, the trial court did not err in holding Mr. Guerrero in contempt of that judgment in its judgment of May 25, 2010.
Mr. Guerrero also argues in brief that Mrs. Guerrero is not entitled to a portion of his retirement benefits because at the time of the entry of the Consent Judgment, he was not eligible for retirement. He further argues that there is nothing in the record to indicate that Mrs. Guerrero ever made any claim for any portion of his retirement benefit subsequent to the entry of the 1996 Consent Judgment. These arguments are clearly without merit and further are not the subject of any judgment before this Court on appeal. Regardless, the 1996 Consent Judgment clearly established that Mrs. Guerrero was entitled to a portion of Mr. Guerrero’s retirement benefit based upon the community years of service. The fact that Mr. Guerrero had not yet retired in 1996 was irrelevant to that determination.
Finally, the record reflects that Mr. Guerrero did in fact retire from the Navy in 2006, notwithstanding his statements to the contrary in his brief. The record also shows that Mrs. Guerrero used the amended Judgment to complete her application with the payor and has been receiving a portion of Mr. Guerrero’s current monthly retirement benefit, Mr. Guerrero’s unsupported claim in brief that she needed a judgment from the Department of Defense to do so notwithstanding.

SANCTIONS FOR FRIVOLOUS APPEAL

In her appellate brief, Mrs. Guerrero asks that this court award additional sanctions and additional sums for Mr. Guerrero’s frivolous appeal. However meritorious her request in brief may be, as Mrs. Guerrero neither answered this | ^appeal nor filed her own notice of appeal, this court is without authority to make such an award. Eckert v. Roux, 09-1016 (La.App. 5 Cir. 3/23/10), 39 So.3d 636.

*746
CONCLUSION

For the reasons stated above, the judgments on appeal are affirmed. Costs of this appeal are taxed to defendant/appellant, Mr. Guerrero.

AFFIRMED

. It appears that the amendatory language was immediately effective, given references in the record and transcript that soon thereafter, Mrs. Guerrero presented the amended judgment to the payor and began receiving a portion of Mr. Guerrero's monthly retirement benefit directly from the payor. However, other portions of the judgment, particularly the calculations of the arrearages and the awards of costs and attorney’s fees, were not enforced until approximately one year later, after a full trial on the merits, by the court’s judgment of February 10, 2010.

. These motions included Mrs. Guerrero’s Petition for Letters Rogatory, Motion and Order to Re-Set Purge Date for Contempt and Motion to Make Judgment Executory and for Garnishment of Wages, and Motion and Order for Sanctions Pursuant to Art. 863. Meanwhile, Mr. Guerrero filed a Memorandum in Support of his Petition to Annul Judgment and an Opposition to Mrs. Guerrero's Motion and Order to Re-Set Purge Date.

. From the substance of his argument, it appears that Mr. Guerrero meant the Motion and Order to Amend Consent Judgment, not the “Amended Petition.”

. The Servicemembers Civil Relief Act (cited by Mr. Guerrero as The Soldiers and Sailors Relief Act), to which it appears Mr. Guerrero cites, is found at 50 App. U.S.C. § 520, et seq.

. The denial of the suspensive appeal appeared to be a denial of any kind of appeal, including a devolutive one. The record does not show that counsel for Mr. Guerrero took any further action regarding an appeal of this judgment.

. On May 25, 2010, the Clerk of Court mailed the Notice of Judgment of March 1, 2010, to the parties.

. It appears this date is a typographical error, as the judgment was rendered in open court on May 25, 2010.

. The trial court found that Mr. Guerrero received proper service of the Motion to Amend under the Long Arm Statute. Thus, he was apprised of the fact that Mrs. Guerrero sought not only an amendment to the phraseology of the 1996 Consent Judgment, but also the above described additional relief.

. Although the court’s judgment of February 26, 2009 awarded the Mrs. Guerrero certain attorney's fees and court costs, it is clear from the record that these awards were not enforced, and were subsumed within the awards of attorney’s fees and court costs made on February 10, 2010. Despite the parties and the court calling the February 26, 2009 judgment a “default” judgment, an examination of the statutory scheme for the rendering of default judgments, LSA-C.C.P. art. 1701, et seq., *745 clearly shows that the trial court did not comply with those procedural requirements. There was no preliminary default judgment and no confirmation of default judgment proceeding. The substance of the February 10, 2010 trial could be compared to a confirmation of default proceeding, except that the defendant in "default,” Mr. Guerrero, appeared in court and participated fully in the trial.
In its Judgment of February 10, 2010 (written judgment dated March 10, 2010), the trial judge declared the judgment of February 26, 2009 "executory,” though it probably meant “enforceable.” "Executory" is used in our statutes and jurisprudence (LSA-C.C.P. art. 2251, et seq.) to describe where a plaintiff seeks to execute a judgment within a jurisdiction other that where it was rendered.

. Mr. Guerrero was held in contempt in the February 10, 2010 judgment for failure to respond to discovery. He has not argued on appeal that this contempt finding is error.