JOHNSON, J.,
dissents, in part, with reasons.
I, respectfully, disagree with the majority opinion only on the affirmance of the portion of the trial court’s judgment which adopts Dr. Klein’s recommendation regarding gradual reinstatement of Jonathan’s visitation rights with the minor child, J.W., for the following reasons.
“Shared custody” means a joint custody order in which each parent has physical custody of the child for an approximately equal amount of time. LSA-R.S. 9:315.9; Broussard, v. Rogers, 10-593 (La.App. 5 Cir. 1/11/11); 54 So.3d 826, 829. Only if it can be shown that a 50-50 shared physical custody arrangement is both feasible and in the best interest of the child, can such an order be implemented, and if both prongs are not met, then the court shall institute a custody arrangement that apportions enough time spent by the child with each parent to assure each parent of frequent and continuing contact with the *118 minor child. Bridges v. Bridges, 09-742 (La.App. 5 Cir. 2/9/10); 33 So.3d 914, 917.
Prior to the sexual abuse allegations and the change in custody, Jonathan had shared legal custody of J.W. Jonathan and Jennifer exercised “week to week” visitation with specific designations implemented for holidays. Jonathan and Jennifer abided by a 50-50 shared physical custody arrangement. In adhering to Dr. Klein’s recommendation, the trial court granted sole custody to Jennifer and ordered the first six months of Jonathan’s visitation with J.W. be supervised, whereby Jonathan could only visit on Wednesday from 5:00 p.m. to 7:00 p.m. and on Saturday or Sunday from 9:00 a.m. to 5:00 p.m. After those six months, the trial court stated that it would re-evaluate the visitation schedule and “plan” to give Jonathan some overnight visitation.
After review of the pertinent laws and the facts of this case, I opine that the continued implementation of Dr. Klein’s gradual reinstatement of Jonathan’s visitation rights directly conflicts with the definition of shared custody. The majority opinion simply enforces the previous sole custody arrangement with visitation and entitles it as “shared legal custody.” I do not believe the legislative intent of shared custody was to impose such visitation restrictions.
With Dr. Klein’s recommendation, Jonathan will not be allowed to spend an approximately equal amount of time with J.W. or even a substantial amount of time with her. That arrangement would render Jonathan as a “mere visitor” in his child’s life for an indefinite amount of time. (See, Thibodeaux v. Thibodeaux, 00-82 (La.App. 3 Cir. 6/1/00); 768 So.2d 85, 87, writ denied, 00-2001 (La. 7/26/00); 766 So.2d 1262 where it was held that the trial court is not free to demand or implement a plan which in operation forces either parent to play the role of a mere “visitor” in a child’s life in a joint custody arrangement.) That result is harsh and excessive for both the child and Jonathan. When considering the amount of time that has lapse between the trial court’s judgment and the rendering of the majority opinion, I believe sufficient time has already passed that would allow the gradual reinstatement between Jonathan and J.W.
Until the sexual abuse allegations arose, which have been held as unsupported by the evidence by this Court and the trial court, Jennifer and Jonathan had a 50-50 physical shared custody agreement that worked in the best interest of J.W. I see no valid reason why the entire March 14, 2008 judgment cannot be reinstated. A mending of J.W. and Jonathan’s relationship needs to occur, and I think continued implementation of Dr. Klein’s recommendation that causes unnecessary separation of this parent and child will only hinder their relationship.
In all other respects, I agree with the majority opinion.