CHAISSON, J.,
dissents, in part, with reasons.
hi must respectfully dissent from that portion of the majority opinion finding that the juvenile court was correct in using Worksheet A to determine the child support award in this matter.
LSA-R.S. 9:315.9 mandates the use of Worksheet B to calculate child support in situations in which the parties have a “shared custody” arrangement. This statute defines “shared custody” as “a joint custody order in which each parent has physical custody of the child for an approximately equal amount of time.” Nothing in the statute’s definition makes the determination of whether the parties enjoy a “shared custody” arrangement dependent *186 upon, what is, in effect, an arbitrary designation of domiciliary status in a consent custody decree entered into by the parties. The determination of “shared custody” is dependent upon the actual amount of physical custody enjoyed by each parent and the definition of “shared custody” as found in LSA-R.S. 9:315.9. And while our jurisprudence correctly recognizes that the trial court has discretion in determining whether a particular arrangement constitutes “shared custody,” I am of the opinion that this discretion is only applicable to cases in which the proponent of a “shared custody” designation has less than fifty (50%) percent physical ^custody.[1] Once the trial court has made a determination that the proponent of a “shared custody” designation has, in fact, fifty (50%) percent or more of the physical custody of the child, a failure to render a “shared custody” designation is violative of the statutory definition and is internally inconsistent with the court’s physical custody finding. In this case, the juvenile court found that Mr. Charles enjoys fifty-six (56%) percent of the physical custody of the minor child. It was therefore error for the court to not find a “shared custody” arrangement and use Worksheet B in order to calculate the child support award. I am of the opinion that the parties’ arbitrary designation of Ms. Severance as “domiciliary parent” does not defeat an appropriate designation of a “shared custody” arrangement.
The juvenile court, in order to be equitable to Mr. Charles, alternatively chose to make an adjustment in the child support award in light of the period of time spent by the child with Mr. Charles, the nondo-miciliary parent. However, LSA-R.S. 9:315.8(E) specifically defines “joint custody” as a “joint custody order that is not shared custody as defined in R.S. 9:315.9.” Therefore, given that the parties enjoy a “shared custody” arrangement, it was error for the juvenile court to apply LSA-R.S. 9:315.8 and Worksheet A in order to reach a solution equitable to Mr. Charles.[2]
I therefore would vacate the juvenile court’s child support award and remand the matter to the juvenile court with instructions to recalculate the child support utilizing Worksheet B. In all other respects, I agree with the opinion of the majority.

. Compare Broussard v. Rogers, 10-593 (La.App. 5 Cir. 1/11/11); 54 So.3d 826, 829, in which Mr. Rogers enjoyed physical custody between 42.85% of the time (by Ms. Brous-sard’s calculation) and 50% of the time (by Mr. Roger's own calculation). In that case, the trial court found, in its discretion, that the parties in fact had a "shared custody” arrangement.

. I must note that, ironically, it appears that since Ms. Severance is paying the child care costs of $125 per week directly, the use of Worksheet B to calculate child support would actually result in a higher monthly obligation for Mr. Charles than the very generous adjustment made by the juvenile court.