MARC E. JOHNSON, Judge.
12Defendant/Appellant, Joseph Guerrero, seeks review of the trial court’s rulings concerning the payment of retirement benefits in favor of Plaintiff/Appellee, Maritza Rodriguez Guerrero, from the 24th Judicial District Court, Division “C”. Additionally, Ms. Guerrero seeks consideration of her Answer and her Peremptory Exception of Res Judicata. For the following reasons, we sustain the peremptory exception and deny the request of the Answer.
FACTS AND PROCEDURAL HISTORY
This is the second appeal regarding the payment of Mr. Guerrero’s retirement benefits. Portions of the following recitation of the facts of this matter are taken from Guerrero v. Guerrero, 10-930 (La.App. 5 Cir. 5/10/11); 65 So.3d 737, rehearing denied, (La.App. 5 Cir. 7/18/11), writ denied, 11-1805 (La.10/21/11); 73 So.3d 385.
Mr. Guerrero and Ms. Guerrero were married in South Carolina on February 3, 1972, and at some point thereafter, established their marital domicile in the | ^Parish of Jefferson. Ms. Guerrero filed a Petition for Divorce against Mr. Guerrero on May 21, 1993. They were divorced in Jefferson Parish on July 27, 1994. On December 4, 1996, the parties entered into a Consent Judgment for Partition of Community Property, which contained two pertinent provisions. First, Subsection 2 in the section entitled “To Maritza Rodriguez” provided the following:
Maritza Guerrero shall receive, and does hereby receive, her portion of Joseph Guerrero’s Federal retirement plan with the United States Navy, pursuant to the Simms [Sims][1] case formula (Simms v. Simms [Sims v. Sims], 358 So.2d 919 (La.1978)), and the parties stipulate that there are twenty-one (21) years of community service.
Second, the following paragraph is included in the general provisions of the Consent Judgment:
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that should any of the partitioned property be insufficiently or incorrectly described herein, either party shall immediately, when called upon to do so by the other party in writing, execute such amendato-ry acts as many [sic] be necessary or required to vest title in the proper party or to sufficiently or correctly describe the property, without additional consideration being given.
On October 10, 2008, Ms. Guerrero filed a Motion and Order to Amend the Consent Judgment for Partition of Community Property, claiming she was entitled to Mr. Guerrero’s retirement as provided by the Uniformed Services Former Spouse’s Protection Act, and a Motion for Contempt. A default judgment in favor of Ms. Guerrero was rendered on February 26, 2009, which amended the language of the Consent Judgment as requested. The judgment did not hold Mr. Guerrero in contempt; however, he was ordered to pay Ms. Guerrero an unspecified sum, which would be determined after the amount of arrearages were calculated, and attorney’s fees and costs.
On July 29, 2009, Mr. Guerrero filed a Petition to Annul Default Judgment, arguing the default judgment rendered by the trial court on February 26, 2009 was |4null *725 because he had never been served with the motion to amend or notice of the judgment. Mr. Guerrero also filed a Peremptory Exception to Dismiss Amended Petition for Lack of Jurisdiction on January 25, 2010. Mr. Guerrero’s petition and motion, along with other motions, were heard on February 10, 2010. On the same date, the trial court overruled Mr. Guerrero’s exception and denied his petition from the bench. Additionally, among other things, there was a decree that the February 26, 2009 judgment be made executory. The written judgment of the February 10, 2010 proceeding was filed and entered into the record on March 1, 2010.
Mr. Guerrero filed a Motion for New Trial on April 1, 2010, arguing the judgment on the motion to amend exceeded the scoped allowed by La. C.C.P. art.1951; Ms. Guerrero was not entitled to payments under the Uniformed Services Former Spouse’s Protection Act; and the Sims case was not applicable to him. The motion was denied by the trial court. Mr. Guerrero subsequently filed a Petition and Order for Appeal on April 19, 2010, which was denied on April 23, 2010 because the time delays for filing an appeal of the March 1, 2010 judgment had passed. On April 23, 2010, Ms. Guerrero filed a Motion for Contempt; afterwards, she filed a Peremptory Exception of Prescription on May 11, 2010.
The motions and the exception were heard on May 25, 2010, and the trial court granted Ms. Guerrero’s exception and denied Mr. Guerrero’s Motion for New Trial in open court. Mr. Guerrero was also held in contempt of court and was ordered to pay attorney’s fees and court costs. Additionally, the trial court ordered immediate garnishment of Mr. Guerrero’s wages until the arrearages of $99,936.78 owed to Ms. Guerrero were satisfied. A written judgment concerning those matters was rendered on June 10, 2010. Mr. Guerrero appealed from the May 25, 2010 judgment.
Ijn his appeal, Mr. Guerrero raised two assignments of error: the trial court erred in rendering judgments against him in violation of the Soldiers and Sailors Relief Act of 1940[2], and the trial court lacked the jurisdiction to amend the 1996 Consent Judgment. In the opinion, this Court found: 1) Mr. Guerrero failed to show that he was entitled to application of the provisions of the Act; 2) the portion of the February 26, 2009 judgment that amended the language of the Consent Judgment was final and was not before this Court because Mr. Guerrero failed to timely appeal the ruling; and 3) the trial court did not err in holding Mr. Guerrero in contempt of court in its May 25, 2010 judgment. Also, this Court denied Ms. Guerrero’s request for sanctions and additional sums for the filing of a frivolous appeal on the basis that she did not answer the appeal or file her own notice of appeal. See Guerrero, supra.
Subsequently, Ms. Guerrero filed a Motion to Reset her previously filed Second Motion for Contempt and Motion for Sanctions. The motions were heard on January 23, 2012. On the same date, Mr. Guerrero was found in contempt of court and was ordered to pay attorney’s fees and court costs.
Mr. Guerrero filed a Rule for Partial New Trial on the basis of newly discovered evidence on the issue of liability and damages. In his memorandum, Mr. Guerrero contested Ms. Guerrero’s entitlement to his retirement benefits and requested a *726 rehearing on her eligibility and the calculation of the amount owed. On February 1, 2012, the trial court denied Mr. Guerrero’s rule and handwrote on the order, “Motion for New Trial was heard on 5-25-2010 and was denied.” Ms. Guerrero also filed a Motion for New Trial on January 30, 2012. In addition, Ms. Guerrero filed a Peremptory Exception of Res Judicata and Motion for Sanctions. In reference to the peremptory exception, the trial judge handwrote, “previously | ^DENIED by this Court on 2-1-2012.” In its February 29, 2012 judgment, the trial court denied both motions for new trial and set a deadline for Mr. Guerrero’s payments of attorney’s fees and court costs.
On April 26, 2012, Mr. Guerrero filed a Notice of Appeal. The trial court set a security bond of $70,000.00. Mr. Guerrero filed a Motion to Amend Order for Devolu-tive Appeal, requesting the trial court to reduce the security from $70,000.00 to $847.00[3]. The trial court denied the motion on June 1, 2012. The instant appeal followed.
ASSIGNMENTS OF ERROR
On appeal, Mr. Guerrero alleges the following assignments of error[4]: 1) the trial court erred in altering a final judgment, which in effect, altered the substance of the final Consent Judgment to dissolve the marriage and held Mr. Guerrero liable for payment of the retirement benefits he became eligible to receive twelve years after the entry of the Consent Judgment dissolving the marriage; and 2) the trial court erred in considering an amendment to the Consent Judgment because all of the necessary parties to the matter were not involved. In response, Ms. Guerrero has filed a Peremptory Exception of Res Judicata and an Answer to the appeal.
LAW AND ANALYSIS

Peremptory Exception of Res Judicata and Assignments of Error Numbers 1 and 2

Ms. Guerrero has raised a Peremptory Exception of Res Judicata with this Court[5] alleging that the issues being argued by Mr. Guerrero were resolved by this |7Court and the Louisiana Supreme Court in Guerrero, supra. Ms. Guerrero avers that, regardless of the number of pleadings and/or appeals regarding the underlying judgment on the Motion to Amend (rendered in open court on February 10, 2010 and signed on March 1, 2010), all issues concerning that ruling have been adjudged. Ms.' Guerrero further avers that any attempt to overturn the judgment is res judicata.
The appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a *727 submission of the case for a decision, and if proof of the ground of the exception appears of record. La. C.C.P. art. 2168. We will consider Ms. Guerrero’s exception because the ground of the exception appears in the record.
In his assignments of error, Mr. Guerrero alleges the trial court erred in 1) granting Ms. Guerrero’s motion and order to amend the 1996 Consent Judgment, and 2) finding him in contempt of court for his failure to pay the amount claimed by Ms. Guerrero in respect to his retirement benefits from the Naval reserve because the trial court did not render a valid court order. Mr. Guerrero contends the granting of Ms. Guerrero’s motion went beyond the scope of the trial court’s authority because it was incompetent and the issue was well beyond its jurisdiction. Mr. Guerrero avers that, pursuant to the Uniformed Services Former Spouses Protection Act, 10 U.S.C.A. § 1408 et seq., his retirement benefits were protected from being adjudicated by the trial court because a necessary party to the litigation, e.g., the Department of Defense, was not involved in the matter. Mr. Guerrero also avers Ms. Guerrero did not meet certain requirements of the Act, e.g., no valid court order was served on an agent of the secretary of the Department of Defense, no determination of Ms. Guerrero’s entitlement to the retirement benefits was made by the Department of Defense, and Ms. Guerrero failed to prove |sshe never remarried. Because of these reasons, Mr. Guerrero seeks to have this Court vacate the February 26, 2009 judgment and have the February 10, 2010 judgment for contempt, costs, attorney’s fees and other expenses rescinded.
La. R.S. 13:4231 provides,
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
A reading of La. R.S. 13:4231 reveals that a second action is precluded when all of the following are satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. Burguieres v. Pollingue, 02-1385, p. 8, 843 So.2d 1049, 1053 (La.2003), rehearing denied, (La.4/25/03).
La. R.S. 13:4231 embraces the broad usage of the phrase “res judicata ” to include both claim preclusion (res judi-cata) and issue preclusion (collateral es-toppel). In re Interdiction of Stephens, 40,965, p. 8 (La.App. 2 Cir. 6/2/06); 930 So.2d 1222, 1226, writ denied, 06-1686 (La.7/12/06); 933 So.2d.796. Under claim *728 preclusion, a final judgment on the merits precludes the parties from | ¡¡relitigating matters that were or could have been raised in that action. Id. Thus, res judi-cata used in the broad sense has two different aspects: 1) foreclosure of relitigat-ing matters that have never been litigated but should have been advanced in the earlier suit; and 2) foreclosure of relitigating matters that have been previously litigated and decided. Id.
In this matter, Mr. Guerrero has previously challenged the February 26, 2009 judgment, alleging the trial court was without jurisdiction to amend the 1996 Consent Judgment, except to make corrections and calculations of the figures. Mr. Guerrero also challenged the February 10, 2010 judgment awarding arrearages, attorney’s fees and court costs as a result of being held in contempt of court, alleging the trial court went beyond the scope of the motion to amend and the authority of La. C.C.P. art.1951. In Guerrero, supra, this Court held the portion of the February 26, 2009 judgment that amended the language of the Consent Judgment was final and was not properly before it because Mr. Guerrero failed to timely appeal the ruling. This Court further found the trial court’s amendment to the language of the Consent Judgment was within the scope of relief authorized by La. C.C.P. art.1951 and concluded the February 10, 2010 judgment was a valid judgment. The ruling from this Court became a final judgment once the supreme court denied Mr. Guerrero’s supervisory writ on October 21, 2011.
Mr. Guerrero’s claims in this appeal are now barred from relitigation. The February 26, 2009 and February 10, 2010 judgments are valid and final. Mr. Guerrero and Ms. Guerrero were the same parties previously involved in the matter. The claims Mr. Guerrero are advancing in this appeal existed at the time the February 26, 2009 and February 10, 2010 judgments became final. And, Mr. Guerrero’s claims arise out of whether the trial court could amend the language of the 1996 Consent Judgment and whether he should be held in contempt of court for Imhis failure to pay the arrearages owed to Ms. Guerrero. All of the requirements of res judicata are met in this matter.
Therefore, we sustain Ms. Guerrero’s Peremptory Exception of Res Judicata.[6]

Answer to Appeal

Ms. Guerrero filed an Answer to this appeal on September 24, 2012, which was incorporated into her appellee’s brief. In the Answer, Ms. Guerrero requests the award of attorney’s fees and various court costs since the inception of these proceedings for the defense of a frivolous appeal. However, Ms. Guerrero’s Answer is deficient and is not properly before this Court. First, the Answer is deficient because it was set forth in the brief and not a pleading. Second, it failed to satisfy the time requirements of La. C.C.P. art. 2133 because it was filed more than fifteen days after the return date or date of lodging, whichever is later. Because of these deficiencies, the Answer filed by Ms. Guerrero will not be considered. See, Kelly v. Boise Bldg. Solutions, 11-1116, p. 5 (La.App. 3 Cir. 5/2/12); 92 So.3d 965, 969, writ denied, 12-1173 and 12-1209 (La.10/8/12); 98 So.3d 851. Without the filing of a properly filed answer to the appeal or the filing of her own notice of appeal, this Court is without authority to order the award Ms. Guerrero requests. See, Guerrero, 10-930 *729 at 15; 65 So.3d at 745, citing Eckert v. Roux, 09-1016, p. 12 (La.App. 5 Cir. 3/23/10); 39 So.3d 636.
Therefore, Ms. Guerrero’s request for an award of attorney’s fees and court costs is denied.
]^DECREE
For the foregoing reasons, we sustain Ms. Guerrero’s Peremptory Exception of Res Judicata and find Mr. Guerrero’s claims in this appeal are barred from relit-igation. Additionally, we did not consider the claims raised in Ms. Guerrero’s Answer to this appeal. Mr. Guerrero is assessed the costs of this appeal.

PEREMPTORY EXCEPTION SUSTAINED

. Although the Consent Judgment refers to the formula as the "Simms case formula,” it is actually the "Sims” case formula from Sims v. Sims, infra.

. The Soldiers and Sailors Relief Act of 1940 was succeeded by the Servicemembers Civil Relief Act, 50 App. U.S.C. § 501 et seq.

. It is assumed the trial court set the security bond at $70,000.00 to account for the arrear-ages owed by Mr. Guerrero to Ms. Guerrero. However, Mr. Guerrero alleges the trial court erred in setting that amount.

. Mr. Guerrero only raises two assignments of error in his appeal. Additionally, he lists a third issue for review regarding the amount set for the appeal security bond. However, Mr. Guerrero fails to brief the issue of how the trial court erred, and we consider it abandoned. See, URCA, Rule 2-12.4. See also, In re Succession of Horn, 04-168, pp. 5-6 (La.App. 5 Cir. 6/29/04); 877 So.2d 1111, 1115, writ denied, 04-1954 (La. 11/19/04); 888 So.2d 199, where this Court held that restating an assigned error in brief without argument or citation of authority does not constitute briefing.

.Ms. Guerrero filed a Peremptory Exception of Res Judicata in the trial court on January 30, 2012 in response to Mr. Guerrero’s Motion for Partial New Trial. The trial court did not render a ruling on the exception because Mr. Guerrero’s motion had previously been denied. In effect, the exception was moot.

. While we are sustaining the exception of res judicata, we acknowledge the exceptions to the general rule of res judicata set forth in La. R.S. 13:4232, in particular, subsection B. After review, we find that none of the exceptions are applicable to the facts of this matter.