ROBERT A. CHAISSON, Judge.
|2In this appeal, Glenroy Mendoza seeks review of a portion of the trial court’s August 14, 2014 judgment denying his request for shared custody and the trial court’s corresponding use of Obligation Worksheet A contained in LSA-R.S. 9:315.20. In addition, Mr. Mendoza contends that the trial court erred in not extending his custody on alternating weekends to include overnight visitation on Sundays. For the reasons that follow, we find no error in the trial court’s rulings. Furthermore, we deny Candace Meads Mendoza’s request for attorney’s fees.

FACTS AND PROCEDURAL HISTORY

On June 2, 2007, defendant/appellant, Glenroy Mendoza, and plaintiffiappellee, Candace Meads Mendoza, were married and established their matrimonial domicile in Jefferson Parish. One child was born of *1121 this union on November 29, 2010. Ms. Mendoza filed a petition for divorce on August 12, 2013, based on the parties living separate and apart for the requisite amount of time. Thereafter, the parties appeared for conferences before a domestic hearing officer |sto address various ancillary issues relating to child custody and support. In accordance with the recommendations of the hearing officer, the parties were awarded joint custody of the child with Ms. Mendoza being designated as the domiciliary parent. Mr. Mendoza was awarded custody every Monday and Wednesday overnight from after work until the child was returned to day care the next day and alternating weekend visitation from Friday after work until Sunday night. In accordance with the awarding of joint custody, child support was calculated based on Worksheet A.
The parties filed objections to various recommendations made by the hearing officer, and the district court thereafter conducted a hearing on the objections. At the hearing, Mr. Mendoza argued that the custody agreement should be considered shared custody, pointing out that Ms. Mendoza’s Sunday night visitation is the only additional period preventing custody from being shared equally between the parties. On August 14, 2014, the trial court issued a judgment denying Mr. Mendoza’s objections to these particular recommendations of the hearing officer. The pertinent part of that judgment reads as follows:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant’s objection to the recommendation of the Hearing Officer regarding the calculation of child support is DENIED, as this Court determines that the custody in this matter is joint, rather than shared, and that child support, thus, must be calculated according to Worksheet A.
Mr. Mendoza now appeals this judgment.

DISCUSSION

Mr. Mendoza first complains that the trial court erred in its decision to deny his request for shared custody and in thereafter denying his request for calculation of child support on Worksheet B. Mr. Mendoza contends that their custodial arrangement constitutes shared custody, pointing out that the only custodial period 14that Ms. Mendoza enjoys that he does not is the overnight Sunday time frame.
LSA-R.S. 9:315.8 provides for the setting of child support in joint custody cases and provides that Worksheet A is to be utilized in calculating child support. According to LSA-R.S. 9:315.8(E), joint custody means “a joint custody order that is not shared custody as defined in R.S. 9:315.9.” A shared custody agreement is specifically excluded from the provisions of LSA-R.S. 9:315.8.
LSÁ-R.S. 9:315.9 sets forth the formula for calculating child support when the parents have shared custody. LSA-R.S. 9:315.9(A)(1) defines shared custody as “a joint custody order in which each parent has physical custody of the child for an approximately equal amount of time.” In determining whether a particular arrangement is shared, LSA-R.S. 9:315.9 does not bind the trial court to a threshold percentage determined solely on the number of days; rather, the statute mandates an “approximately equal amount of time.” As noted by the appellate court in Jannéy v. Janney, 05-507 (LaApp. 1 Cir. 7/26/06), 943 So.2d 396, 399, writ denied, 06-2144 (La.11/17/06), 942 So.2d 536, “It is obvious from a reading of LSA-R.S. 9:315.8(E)(2) that when the legislature intends to fix a threshold parameter, it does so.” Therefore, the trial court has discretion in determining whether a particular arrangement constitutes shared custody justifying the *1122 application of LSA-R.S. 9:315.9. Broussard v. Rogers, 10-593 (La.App. 5 Cir. 1/11/11), 54 So.3d 826, 829; Martello v. Martello, 06-594 (La.App. 1 Cir. 3/23/07), 960 So.2d 186, 195-6.
In the present case, the trial court determined that the custodial arrangement between the parties constituted joint custody. Based on our calculations, Mr. Mendoza has custody of the child approximately 46.44 percent of the time, and Ms. Mendoza has custody approximately 53.56 percent of the time. Our review of |fithe jurisprudence clearly illustrates that there is no bright line rule as to what constitutes shared custody so as to trigger the application of LSA-R.S. 9:315.9.[1]
In Martello v. Martello, supra, the custody arrangement gave the father custody of the children approximately 42.85 percent of the time. The trial court awarded joint custody, without an express determination of whether the split of physical custody constituted shared custody, and utilized Worksheet A, rather than Worksheet B, in calculating the basic child support obligation. The appellate court found “no error or abuse of discretion in the trial court’s apparent conclusion that the joint custody order in this case did not provide each parent with physical custody of the child for an ‘approximately equal’ amount of time.” Therefore, the trial court did not err in computing child support on Worksheet A.
In DeSoto v. DeSoto, 04-1248 (La.App. 3 Cir. 2/2/05), 893 So.2d 175, the father had custody of the child 45 percent of the time, and the mother had custody of the child 55 percent of the time. The trial court determined that this custodial arrangement constituted joint custody and utilized Worksheet A for calculating child support. The appellate court noted that the custody arrangement met the statutory definition of shared custody, but nonetheless determined that the trial court did not abuse its discretion in finding otherwise.
In Janney v. Janney, supra, the trial court found a shared custody arrangement where the father had custody of the child 45.3 percent of the time. The appellate court found no error or abuse of discretion in the trial court’s conclusion that the joint custody order provided each parent with physical custody of the child for an “approximately equal” amount of time, and therefore, the court |fidid not err in computing child support in accord with the formula in LSA-R.S. 9:315.9 and Worksheet B.
In Broussard v. Rogers, supra, the parties had a custodial arrangement identical to the one at issue. In that case, the father had custody of the child every other weekend from Friday afternoon until Sunday night and two overnights per week. The trial court determined that this agreement constituted shared custody, in that the mother had the other weekends from Friday afternoon and the two other nights during the week. This Court found that the trial court did not abuse its discretion in finding a custodial arrangement identical to the one at issue constituted shared custody or in its utilization of Worksheet B in calculating child support.
In light of Broussard, supra, we acknowledge that the custodial arrangement in this case could meet the definition of shared custody. However, given the fact that there is no bright line rule as to what custody split constitutes shared custody, *1123 and taking into consideration the trial court’s discretion in determining whether a particular arrangement constitutes shared custody, we cannot say that the trial court abused its discretion in determining that the custodial arrangement amounted to joint custody, or in its utilization of Worksheet A for calculating the child support obligation.
On appeal, Mr. Mendoza also contends that the trial court erred by not extending his custody on alternating weekends to include overnight visitation on Sundays.
In every child custody determination, the primary consideration is the best interest of the child. LSA-C.C. art. 131. Penn v. Penn, 09-213 (La.App. 5 Cir. 10/27/09), 28 So.3d 304, 308. LSA-C.C. art. 132 provides that in the absence of an agreement between the parties, the trial court shall award joint custody to the 17parents. Bridges v. Bridges, 09-742 (La.App. 5 Cir. 2/9/10), 33 So.3d 914, 917. Where there is joint custody, “to the extent it is feasible and in the best interest of the child, physical custody of the children should be shared equally.” LSA-R.S. 9:335(A)(2)(b); Holland v. Spellman, 10-982 (La.App. 5 Cir. 6/14/11), 71 So.3d 996, 1003, writ denied, 11-1556 (La.10/7/11), 71 So.3d 315. Nonetheless, a trial court’s finding that joint custody is in the best interest of the child does not necessarily require an equal sharing of physical custody. Substantial time rather than strict equality of time is mandated by the legislative scheme providing for joint custody of children. Bridges v. Bridges, 33 So.3d at 917.
Each child custody case must be viewed in light of its own particular set of facts and circumstances, with the paramount goal of reaching a decision that is in the best interest of the child. On appellate review, the determination of the trial court in establishing custody is entitled to great weight and will not be disturbed absent a clear showing of an abuse of discretion. Martinez v. Lagos, 13-887 (La.App. 5 Cir. 5/21/14), 142 So.3d 231, 234.
There is no requirement that the trial court give the parties an exactly equal amount of time of physical custody. Accordingly, we cannot say that the trial court abused its discretion in its custody award.
For the foregoing reasons, we affirm the trial court judgment which determined that the custodial arrangement amounted to joint custody and which utilized Worksheet A to calculate the child support obligation. In addition, we affirm the award of child custody. Furthermore, we deny Ms. Mendoza’s request for attorney’s fees and assess the costs of appeal against Mr. Mendoza.[2]

AFFIRMED

. See, however, Lea v. Sanders, 04-762 (La.App. 3 Cir. 12/22/04), 890 So.2d 764, writ denied, 05-183 (La.3/24/05), 896 So.2d 1046, where the appellate court established a threshold of 49 percent/51 percent for the application of LSA-R.S. 9:315.9. This threshold was rejected by subsequent jurisprudence,

. In her appellee brief, Ms. Mendoza requested attorney’s fees and costs associated with this appeal. However, attorney’s fees are properly requested with this Court in an answer, not a brief. See Guerrero v. Guerrero, 12-527 (La.App. 5 Cir. 3/27/13), 110 So.3d 723, 728.