848 So.2d 121 (2003)
STATE of Louisiana, Department of Social Services, in the Interest of S.McC.
v.
J.A.McC.
No. 03-CA-108.
Court of Appeal of Louisiana, Fifth Circuit.
May 28, 2003.
*122 Paul D. Connick, Jr., District Attorney, Parish of Jefferson, State of Louisiana, Alan D. Alario, II, Tamithia D. Shaw, Terry M. Boudreaux, Assistant District Attorneys, Gretna, LA, for the State of Louisiana, Plaintiff-Appellant.
Pat M. Franz, Metairie, LA, for J.A.McC., Defendant-Appellee.
Panel composed of Judges THOMAS F. DALEY, SUSAN M. CHEHARDY, and CLARENCE E. MCMANUS.
SUSAN M. CHEHARDY, Judge.
This is a child support matter originating in juvenile court pursuant to La.R.S. 46:236.1, et seq.[1] We amend, affirm and remand.
The petition, filed by the State of Louisiana, Department of Social Services (hereafter DSS) in the interest of the minor S.McC., seeks recovery of child support for T.P., recipient and mother of the child, from the father, J.A.McC., obligor and defendant. At the initial hearing on March 6, 2002, the parties agreed to support in the amount of $792.00 per month, based on the defendant's admission that his income was $5,000.00 per month.
On April 10, 2002 the defendant filed a rule to reduce the child support payments, on the basis of a change in job/wages status. After several continuances at the defendant's request, the matter came before a hearing officer, who denied the rule to reduce on the ground that the defendant had failed to show he is not intentionally underemployed.
The defendant sought review of the hearing officer's recommendation and on December 9, 2002 the juvenile judge reduced support to $339.51 per month, retroactive *123 to the date of filing, calculated on a reduction in the defendant's income to $1,739 per month. DSS filed a motion for new trial, which was denied, and DSS appeals.[2]

FACTS
The defendant works offshore as a diving supervisor for Specialty Diving. He testified that when the support proceedings began he had been working as a salesman and diver, but due to a decline in business his job status changed to being a diver only, for which he earns $18.00 an hour. He said the diving business has been slow and he has suffered a loss of wages as a result. He testified that in 2001 he made $60,000.00, but in 2002, as of the time of the December 9 hearing, he had net earnings of $22,428.00.
The defendant also testified that because of complaints by his ex-wife (T.P., recipient of the services in this case), resulting in arrests for domestic violence and for stalking, he had had to comply with an array of dates to report to court, which affected his ability to go offshore to work as a diver. He stated he had to turn work down in order to remain onshore and be available for his court dates. In addition, he had other dates on which he had to make himself available for child custody and visitation proceedings and examinations. The defendant stated he left Specialty for a while and worked for Torch Offshore, but as a result of the criminal complaints against him Torch terminated his employment and he returned to work for Specialty as a diver. At the time of the rule to reduce was tried, the criminal charges were still pending.
A representative of Specialty Diving, Deborah Wallace, testified that at the end of 2001 and the beginning of 2002 the company suffered some financial losses, so that sales were not warranting the salaries and employees had to be laid off. Wallace said that the company could not keep the defendant on as a salesman, but allowed him to stay on as a diver. Wallace further testified that the defendant had been unable to take on a number of the job assignments he had been offered because they required extended out-of-town travel, requiring stays of two weeks to three months at a time. Wallace said that the defendant is a good supervisor diver and has unquestioned working qualifications, but the company's continued use of him will depend on the restrictions of his having to remain in residence locally. Wallace said the company will be limited to giving him one or two-day jobs, but will be unable to give him assignments requiring extended stays. As a result, he has been moved from the company's list of set divers to the list of freelance divers.
T.P. testified that she had appeared on a couple of court dates for the criminal charges, but that the defendant had not shown up for those. She also said there had been approximately 15 court dates for the juvenile court proceedings since March 2001.
The judge expressly prohibited either party from discussing the substance or the merit of the criminal charges.
Ruling from the bench, the court found that the defendant was not in contempt. The court granted a reduction and ordered that the support be calculated based upon income of $1,739.00 per month, retroactive to April 10, 2002, subject to review in six months. The court directed that at the review hearing the defendant is to bring in *124 proof of his income and checks from all the preceding six months. At that time, the judge stated, if the criminal charges have been resolved and the defendant's income is improving, the child support will be increased.
On appeal DSS contends the trial court's determination that the defendant was not voluntarily underemployed is clearly wrong. DSS asserts that the defendant's reduction in employment due to court appearances is a voluntary reduction because the incidents being prosecuted arise from the defendant's interaction with his ex-wife and "[t]his interaction cannot be entirely beyond the defendant's control." Further, DSS points out, the record shows that the defendant has filed numerous continuances in juvenile court, has missed hearings in juvenile court, and has filed motions on his own behalf in juvenile court. As a result, DSS contends, the numerous court appearances have resulted from the way the defendant has chosen to litigate the child support matter. Finally, "if the juvenile court will entertain continuances when the defendant is offshore working, then the proceedings in that court should not limit the defendant's ability to work.... These charges and court dates interfered with the defendant's ability to work because of his own fault or neglect."
With respect to the amount of the reduction and retroactivity, DSS cites a recent case from this Court for its holding that the reduction should be based on the defendant's income during his periods of employment and unemployment, rather than on the income he had at the time of the child support hearing. See Curet v. Curet, 02-212 (La.App. 5 Cir. 6/26/02), 823 So.2d 971. DSS contends that, if this Court finds the trial court did not commit manifest error in reducing the child support, we should find the court erred nevertheless in failing to base the retroactive support reduction on the defendant's varying income during the relevant period.
In opposition, the defendant asserts that the evidence established that he is not voluntarily underemployed. Further, he contends, the trial court did not err in failing to create multiple periods of support during one eight-month period and, even if it is error, it is "totally insignificant," amounting to less than $200.00 over the eight-month period, and should not be changed in view of the pending six-month review hearing.[3]

LAW AND ANALYSIS
The standard of appellate review of factual findings in a civil action requires the appellate court to find from the record that there is a reasonable factual basis for the finding of the fact finder and then to determine the record establishes the finding is not clearly wrong (manifestly erroneous). Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). Factual findings should not be reversed on appeal unless there is manifest error. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
If the trial court's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse. Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112 (La.1990). Consequently, when there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous. Id.; Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 883 (La.1993).
The amount of a child support award will not be reversed absent an *125 abuse of discretion. Walden v. Walden, 00-2911, p. 4 (La.App. 1 Cir. 8/14/02), 835 So.2d 513, 517.
La.R.S. 9:311(A) provides that an award for support shall not be reduced unless the party seeking the reduction shows a material change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award. In addition, in cases where the Department of Social Services is providing support enforcement services, La.R.S. 9:311(C)(1) provides that a material change in circumstance exists when a strict application of the child support guidelines would result in at least a twenty-five percent change in the existing child support award.
For purposes of the child support guidelines, La.R.S. 9:315(C)(6) defines "income" as "actual gross income of a party, if the party is employed to full capacity" or "potential income of a party, if the party is voluntarily unemployed or underemployed." La.R.S. 9:315(C)(6)(b) states, "A party shall not be deemed voluntarily unemployed or underemployed if he or she is absolutely unemployable or incapable of being employed, or if the unemployment or underemployment results through no fault or neglect of the party."
"Voluntary underemployment is a fact-driven consideration. The trial court has wide discretion in determining the credibility of witnesses and its factual determinations will not be disturbed on appeal absent a showing of manifest error." [Citations omitted.] State v. Battson, 36,336, p. 5 (La.App. 2 Cir. 9/18/02), 828 So.2d 132, 135.
Voluntary underemployment is a question of good faith on the part of the obligor spouse. Havener v. Havener, 29,785, p. 10 (La.App. 2 Cir. 8/20/97), 700 So.2d 533, 539. The trial court, however, has wide discretion in determining the credibility of the witness; whether the obligor spouse is in good faith in ending or reducing his income is a factual determination which will not be disturbed absent an abuse of discretion. Id.
Considering the above principles in light of the facts elicited at the hearing, we find no manifest error in the trial court's determination that J.A.McC. is not voluntarily underemployed. To begin with, the evidence regarding downturn in the business climate affecting the industry is not disputed. Further, the judge properly refused to consider the merit or substance of the pending criminal charges in making that determination. Similarly, the unusual nature of the obligor's work requiring him to be out of town for days or weeks at a timesupports a determination that the numerous court appearances the defendant was required to make were the cause of his underemployment and subsequent drop in income. Finally, the court's implicit finding that the defendant was truthful in asserting that his actions were not intended to reduce his child support obligations is a credibility determination and we find no manifest error in it.
We find merit, however, to the argument of DSS that the reduction in support should be based on the defendant's varying income levels during the entire period between the support hearings. Where a modification in child support is at issue due to changes in the obligor spouse's income, rather than using only the income amount at the time of the hearing the trial court should calculate child support based on the actual income from fluctuation to fluctuation during the period in question. See Curet v. Curet, supra; Saussy v. Saussy, 93-1303 (La. App. 3 Cir. 6/15/94), 638 So.2d 711.
As applied here, the period in question is from April 10, 2002 (the date the defendant filed his request for reduction) to December 9, 2002 (the date of the hearing on the rule to reduce). Further, calculation *126 of child support under the child support guidelines should be based on the combined adjusted gross incomes of the parties, not on net income. See La.R.S. 9:315.2(D).
Despite the figures cited by counsel in their appellate briefs, however, we find the record confusing as to the variations in the defendant's income as well as to the mother's income. Accordingly, we remand to the juvenile court for recalculation of the amount of support due.
For the foregoing reasons, the judgment is affirmed, but is amended to provide that the amount awarded shall be calculated under the Schedule of Support set out in La.R.S. 9:315.19 based on the adjusted gross incomes of the parties, adjusted for each period between changes in the income of the parties. The matter is remanded and the trial court is directed to recalculate the support in accordance with the principles set out herein.
AMENDED, AFFIRMED AND REMANDED.
NOTES
[1] Under these statutes, upon application of a parent the Department of Social Services may take direct civil action against an alleged biological parent of a child and may obtain an order, judgment, or agreement of support for the child against the responsible person. A separate and distinct cause of action in favor of the Department is created by these provisions. See State, Dept. of Social Services, Support Enforcement Services ex rel. A.M. v. Taylor, 00-2048, pp. 4-5 (La.App. 1 Cir. 2/15/02), 807 So.2d 1156, 1160.
[2] We note that while the child support proceedings were pending in the juvenile court, the parties were involved in divorce proceedings in the district court, which rendered a judgment of divorce on August 28, 2002. The district court also ruled on ancillary matters, including child custody and visitation, but not on child support.
[3] According to the record, the review hearing currently is set for June 9, 2003, which will be shortly after this Court's decision is rendered.