947 So.2d 735 (2006)
Kenneth Wayne HUGHES
v.
Teresa Lynn TALTON.
No. 06-CA-319.
Court of Appeal of Louisiana, Fifth Circuit.
November 14, 2006.
*736 Nancy K. Durant, Attorney at Law, Metairie, Louisiana, for Plaintiff/Appellee.
Alan B. Tusa, Carol T. Richards, Michael A. Tusa, Tusa & Richards, L.L.C., Covington, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., MARION F. EDWARDS, and CLARENCE E. McMANUS.
MARION F. EDWARDS, Judge.
In this action for child support, defendant/appellant appeals the trial court's judgment which awarded plaintiff/appellee $302 a month and also appeals the trial court's findings that that the plaintiff/appellee was not voluntarily underemployed and that his use of a company truck should not be used in the calculation of the child support obligation. For the reasons that *737 follow, the judgment of the trial court is affirmed.

FACTS AND PROCEDURAL HISTORY
On November 16, 2001, plaintiff, Kenneth Hughes ("Mr.Hughes"), filed a Petition for Custody for his minor son, Brandon Hughes ("Brandon"), naming as defendant, Teresa Talton ("Ms.Talton").[1] The parties were never married. By a judgment dated January 25, 2005, the parties were awarded joint custody of Brandon, with Mr. Hughes being designated as the domiciliary parent.
On March 8, 2005, Mr. Hughes filed a Rule to Modify/Reduce Child support. In an Interim Judgment dated August 18, 2005, the domestic commissioner ordered Ms. Talton to pay Mr. Hughes $302 per month in child support retroactive to March 8, 2005. Ms. Talton then filed an Objection to the domestic commissioner's Interim Judgment in district court, which went to trial on October 19, 2005.
On November 16, 2005, the trial court upheld the Domestic Commissioner's Interim Judgment in part but relieved Ms. Talton of her obligation to pay Mr. Hughes support both for the month of September 2005 and for her first payment in October 2005.
Ms. Talton timely filed the present appeal.

LAW AND ARGUMENT
On appeal, Ms. Talton raises four assignments of error: (1) the trial court erred in ordering her to pay child support; (2) the trial court erred in calculating the support award in favor of Mr. Hughes by using worksheet A, when worksheet B was mandated by state statute; (3) the trial court erred in calculating the support award to Mr. Hughes since Mr. Hughes was voluntarily underemployed, and; (4) the trial court erred in not considering Mr. Hughes' personal use of his company car when calculating child support.
The January 15, 2005 judgment provides that the parties were awarded joint custody of their son, Brandon, as follows: "IT IS HEREBY ORDERED, ADJUDGED AND DECREED that plaintiff Kenneth Hughes and defendant Teresa Talton shall share joint custody of the minor child."
When parents of a minor child have a shared custody arrangement, the court is obligated to follow the guidelines set forth in LSA-R.S. 9:315.9, which provides:
A. (1) "Shared custody" means a joint custody order in which each parent has physical custody of the child for an approximately equal amount of time.
(2) If the joint custody order provides for shared custody, the basic child support obligation shall first be multiplied by one and one-half and then divided between the parents in proportion to their respective adjusted gross incomes.
(3) Each parent's theoretical child support obligation shall then be cross multiplied by the actual percentage of time the child spends with the other party to determine the basic child support obligation based on the amount of time spent with the other party.
(4) Each parent's proportionate share of work-related net child care costs and extraordinary adjustments to the schedule shall be added to the amount calculated under Paragraph (3) of this Subsection.
(5) Each parent's proportionate share of any direct payments ordered to be *738 made on behalf of the child for net child care costs, the cost of health insurance premiums, extraordinary medical expenses, or other extraordinary expenses shall be deducted from the amount calculated under Paragraph (3) of this Subsection.
(6) The court shall order each parent to pay his proportionate share of all reasonable and necessary uninsured medical expenses under the provisions of R.S. 9:315(C)(7) which are under two hundred fifty dollars.
(7) The parent owing the greater amount of child support shall owe to the other parent the difference between the two amounts as a child support obligation. The amount owed shall not be higher than the amount which that parent would have owed if he or she were a domiciliary parent.
B. Worksheet B reproduced in R.S. 9:315.20, or a substantially similar form adopted by local court rule, shall be used to determine child support in accordance with this Subsection.
Mr. Hughes argues, however, that custody was properly determined by the court pursuant to LSA-R.S. 9:315.8, which, in relevant part, provides:
E. "Joint Custody" means a joint custody order that is not shared custody as defined in R.S. 9:315.9.
(1) In cases of joint custody, the court shall consider the period of time spent by the child with the nondomiciliary party as a basis for adjustment to the amount of child support to be paid during that period of time.
(2) If under a joint custody order, the person ordered to pay child support has physical custody of the child for more than seventy-three days, the court may order a credit to the child support obligation. A day for the purposes of this Paragraph shall be determined by the court; however, in no instance shall less than four hours of physical custody of the child constitute a day.
(3) In determining the amount of credit to be given, the court shall consider the following:
(a) The amount of time the child spends with the person to whom the credit would be applied. The court shall include in such consideration the continuing expenses of the domiciliary party.
(b) The increase in financial burden placed on the person to whom the credit would be applied and the decrease in financial burden on the person receiving child support.
(c) The best interests of the child and what is equitable between the parties.
(4) The burden of proof is on the person seeking the credit pursuant to this Subsection.
(5) Worksheet A reproduced in R.S. 9:315.20, or a substantially similar form adopted by local court rule, shall be used to determine child support in accordance with this Subsection.
In the present case, the trial court implicitly affirmed the findings of the hearing officer and domestic commissioner in using worksheet A pursuant to LSA-R.S. 9:315.8. After a review of the record, we cannot say that the trial court erred in this regard, as the parties clearly have in place a "joint" custody, not "shared" custody arrangement that would require the use of worksheet A. We, therefore, find this assignment to be without merit.
We next consider Ms. Talton's argument that the trial court erroneously found that Mr. Hughes was not voluntarily underemployed. As this Court recently *739 stated in State, Dep't of Soc. Serv., ex rel. S.McC. v. J.A.McC.[2]
La.R.S. 9:315(C)(6)(b) states, "A party shall not be deemed voluntarily unemployed or underemployed if he or she is absolutely unemployable or incapable of being employed, or if the unemployment or underemployment results through no fault or neglect of the party."
"Voluntary underemployment is a fact-driven consideration. The trial court has wide discretion in determining the credibility of witnesses and its factual determinations will not be disturbed on appeal absent a showing of manifest error." State v. Battson, 36,336, p. 5 (La.App. 2 Cir. 9/18/02), 828 So.2d 132, 135.
Voluntary underemployment is a question of good faith on the part of the obligor spouse. Havener v. Havener, 29,785, p. 10 (La.App. 2 Cir. 8/20/97), 700 So.2d 533, 539. The trial court, however, has wide discretion in determining the credibility of the witness; whether the obligor spouse is in good faith in ending or reducing his income is a factual determination which will not be disturbed absent an abuse of discretion. Id.

In this case, the only evidence presented regarding Mr. Hughes' departure from his previous employment with Jefferson Parish was his own testimony, along with a copy of a letter of resignation. Mr. Hughes testified that he tendered his resignation upon the request by four Jefferson Parish councilmen upon a threat that he would otherwise be forcibly removed from the position. At the hearing, the trial judge stated, "I don't have any  having worked for the parish government, I know how it works and I don't have any problem believing that he was forced out."
After a review of the record, we find no abuse of discretion in the trial court's holding that Mr. Hughes was not voluntarily unemployed.
In her final assignment of error, Ms. Talton asserts that the trial court erred by not taking Mr. Hughes' personal use of his employer's truck into consideration when calculating the child support obligation. At trial, the only evidence regarding this issue was presented in the form of testimony by Mr. Hughes. Mr. Hughes indicated that, while he owned his own vehicle, he does use the vehicle to pick up Brandon after school and visit his mother on the north shore if he happens to be working over there in that area. After hearing the testimony, the trial court concluded that Ms. Talton had not established that Mr. Hughes' use of the truck was of a personal nature.
If the trial court's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse.[3] Consequently, when there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous.[4] After a review of the record, we cannot say that the trial court erred in its finding on this issue.
Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] We note that this case appears before us for the second time on appeal. See, Hughes v. Talton, 845 So.2d 1098 (La.App. 5 Cir. 4/29/03), writ granted, 847 So.2d 1274 (La. 2003).
[2] 03-108 (La.App. 5 Cir. 5/28/03), 848 So.2d 121, 125.
[3] Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106, 1112 (La.1990).
[4] Stobart v. State, Dep't of Transp. and Dev., 617 So.2d 880, 883 (La.1993).