ROTHSCHILD, J.,
dissenting.
Lin my view, the trial court erred in upholding the hearing officer’s calculation of defendant’s child support obligation. I would reverse the judgment and remand for further proceedings, and thus I must dissent from the majority opinion.
The parties in this matter, Jamie Brous-sard and Sherman Rogers, were divorced by judgment rendered on December 15, 2003 and the parties originally agreed to a plan of shared custody. No amount of child support was set at this time. However, in May of 2009, Ms. Broussard filed a Rule to Change Custody and for Child Support based on allegations that the child was in her care 60-70% of the time due to Mr. Sherman’s erratic work schedule. On October 2, 2009, the trial court entered an order of joint custody, with Ms. Broussard designated as domiciliary parent. Mr. Rogers was awarded visitation with the child every other weekend from Friday after school until Sunday at 6 pm, and every Tuesday and Thursday from after school until 8 pm. Following this ruling, Mr. Rogers objected and the trial court rendered judgment on February 18, 2010 confirming the joint custody order but adding that Mr. Rogers is entitled to two overnight visits per week depending on his work schedule.
Prior to this judgment in the trial court however, the matter of Ms. Broussard’s rule for child support was considered by the hearing officer. The hearing officer determined that the custodial arrangement was a shared ^custody arrangement and he therefore utilized the Shared Obligation Worksheet, also referred to as Worksheet “B,” to determine Mr. Rogers’ child support obligation. Following Ms. Brous-sard’s objection, the trial court, by judgment rendered March 4, 2010, upheld this calculation and the finding of a shared custody arrangement.
In affirming this ruling, the majority finds no abuse of discretion in the finding that the custodial arrangement constituted shared custody. However, after review of the record and applicable law, I find no factual or legal support for a finding of shared custody, and I therefore find that the hearing officer erred in using that arrangement and corresponding worksheet in the calculation of child support in this case.
Shared custody under this provision is defined as “physical custody of the child for an approximately equal amount of time.” La.R.S. 9:315.9(1). Lea v. Sanders, 04-762 (La.App. 3 Cir. 12/22/04), 890 So.2d 764, 766. Joint Custody means a joint custody order that is not shared custody as defined in La. R.S. 9:315.9. La. R.S. 9:315.8 E.
In the present case, the parties clearly have in place a “joint” custody arrangement, not a “shared” custody arrangement as was the case in Hughes v. Talton, 06-319 (La.App. 5 Cir. 11/14/06), 947 So.2d 735, 738. Although the majority cites case law to support the position that the trial court has the discretion to determine whether an arrangement constitutes shared or joint custody, the Court found in that case that a joint custody arrangement was proper where evidence indicated the father had physical custody 42% of the time, a percentage which the court failed to determine to be an “approximately equal” amount of time. Martello v. Mar *832 tello, 06-594 (La.App. 1 Cir. 3/23/07), 960 So.2d 186, 196. (Ironically, this is the amount of time Ms. Broussard contends the custody order allows Mr. Rogers.)
| ¡¡Further, unlike the Martello case, the record in the present case fails to contain any evidence regarding the amount of time each party has physical custody of the child since the implementation of the custody order. There is nothing in the record to support a factual finding that the parties shared custody in this case or had physical custody of the child for an “approximately equal” amount of time. Ms. Broussard specifically testified that Mr. Rogers’ work schedule has consistently prevented an equal sharing, and she presented calendar logs for several months which indicated she had physical custody approximately 60-70% percent of the time. Although the logs were compiled prior to the October 2009 custody order designating Ms. Broussard as the domiciliary parent and granting visitation to Mr. Rogers every other weekend and two afternoons per week, this new order on its face does not constitute a shared custody arrangement. Further, the trial court rendered judgment on February 18, 2010 allowing Mr. Rogers the opportunity to have two additional nights of overnight visitation per week but this schedule had not yet been implemented when the child support calculation was made by the hearing officer.[3] In fact, the trial court judgment on March 4, 2010 was rendered only two weeks after the additional visitation was offered, and there is absolutely no evidence in the record which indicates that the physical custody was ever “approximately equal.”
Finally, I disagree with the majority’s decision to uphold the hearing officer’s calculation based on the provisions of La. R.S. 9:315.8(E)(2). That statute specifically applies to a credit in the child support obligation, and there is no legal support for a finding that a day consists of at least 4 hours for determining whether the custody is joint or shared. However, Mr. |4Rogers can rely on this statute in the event time spent with the child allows a reduction in his support obligation.
Accordingly, after a careful review of the record in this case, I find that the record fails to support the hearing officer’s determination that the parties shared custody in this case. As such, I also find that the hearing officer erred in using Worksheet B to calculate the child support obligation and the amount of the obligation established does not reflect the best interests of the child. I would therefore reverse the judgment of the trial court finding a shared custody arrangement in this case and remand the case for a recalculation of the child support obligation.

. The record indicates the hearing officer made its child support calculations on February 10, 2010, one week before the trial court allowed Mr. Rogers the opportunity of additional overnight visitation.