MARC E. JOHNSON, Judge.
LThis appeal arises from the determination of a child support order from the Juvenile Court of Jefferson Parish, Section “A”. For the following reasons, we affirm, in part, and reverse and render, in part.
FACTS AND PROCEDURAL HISTORY
This matter originates from the filing of a rule for child support for J.C., the minor child of Defendant/Appellant, Jeffrey C. Charles, and Erica Severance filed by Plaintiff/Appellee, the State of Louisiana, Department of Children and Family Services, on August 16, 2010. On October 25, 2010, the rule for child support was heard before a hearing officer. The hearing officer’s recommendation for judgment ordered Mr. Charles to pay $657.00 per month plus court costs for child support. Additionally, the child support order was made retroactive to the filing date of August 16, 2010. Mr. Charles disagreed with the support recommendation of the hearing officer and requested a hearing in the juvenile court. In the disagreement hearing held on November 22, 2010, the juvenile court judge upheld the hearing officer’s recommendation and made the arrearages executory.
| (¡Subsequent to the order of the juvenile court judge, Mr. Charles and Ms. Severance agreed to custody recommendations designated as stipulations before a hearing officer for Division “L” of the 24th Judicial District Court in a document entitled “STIPULATIONS AND/OR RECOMMENDATIONS OF HEARING OFFICER” on December 20, 2010. In the stipulations, Mr. Charles and Ms. Severance agreed to joint custody of J.C. with Ms. Severance being designated as the domiciliary parent. Additionally, Mr. Charles was given unsupervised physical custody of J.C. from Monday afternoon until Wednesday morning, Thursday afternoon through Friday morning, and Friday afternoon through Sunday afternoon on every other weekend, along with specific holiday designations. The document was signed by the hearing officer and the domestic commissioner. There is no indication in the rec *181 ord that reflects the parents disagreed with the recommendations.[1]
On the same date, Mr. Charles filed a rule to dismiss the child support proceedings based upon a joint custody order. The hearing for that rule was held on February 1, 2011 before a hearing officer. The hearing officer determined that Mr. Charles had physical custody of J.C. 192 days of the year (which equated to 52% of the year), gave a credit on the arrearages owed by Mr. Charles, and suspended the child support order pending the receipt of proof of child care expenses. The matter was reset for a hearing to calculate the child care expenses.
On March 15, 2011, the hearing to calculate the child care expenses was held before the hearing officer. The child support order was reinstated, and Mr. Charles was ordered to pay child support in the amount of $532.35 per month, after the amount was modified to reflect the time Ms. Severance had physical custody of [4the child. After the recalculation of physical custody time, the hearing officer determined that Ms. Severance had physical custody of J.C. for 192 days of the year, while Mr. Charles had physical custody of the child 173 days of the year. The child support order was made retroactive to the filing date of February 1, 2011, and the arrearages were made executory. Mr. Charles disagreed with the hearing officer’s recommendation for judgment, and a hearing was set in the juvenile court. On April 11, 2011, the juvenile court judge upheld the hearing officer’s recommendations. Later that day, Mr. Charles filed a rule to review and reduce child support and to modify the amount of days of physical custody.
Prior to the hearing for the rules filed on April 11, 2011, Mr. Charles filed a motion for contempt, to terminate child support based upon fraud, for reimbursement of child support, and to claim the income tax credits and deductions on May 31, 2011. In the motion, Mr. Charles requested, among other things, that he be named the domiciliary parent. The motion was heard before the hearing officer on June 7, 2011. The hearing officer found that Mr. Charles has physical custody of the child 56% of the year and reduced the child support to $434.70 per month. The child support was made retroactive to the filing date of May 31, 2011. The motions for contempt, to dismiss support, and for reimbursement were denied by the hearing officer. Mr. Charles was awarded the right to claim J.C. as a deduction on his income tax return every other year beginning with the 2011 tax filing year, only if there were no arrearages present by the end of the year. Ms. Severance was awarded the earned income tax credit every filing year. Both parents disagreed with the hearing officer’s recommendation, and a disagreement hearing was set before the juvenile court.
The disagreement hearing was held before the juvenile court judge on July 18, 2011. Mr. Charles was ordered to pay child support in the amount of $539.00 |fiper month plus court costs, which was based upon the determination that he has physical custody of J.C. 56% of the year. Ms. Severance was determined to be the domiciliary parent. Mr. Charles was also ordered to pay for all school uniforms and school field trips and to continue providing medical insurance. The child support order was made retroactive to the filing date of May 31, 2011, and the State was ordered to conduct an arrearages audit. Mr. *182 Charles requested a new trial, which was denied. The instant appeal follows.
ASSIGNMENTS OF ERROR
On appeal, Mr. Charles alleges the following assignments of error: 1) the juvenile court erred in finding that when one parent is designated as the domiciliary parent, the other parent is not entitled to any considerations or credits for physical custody time with the child and further in failing, under the facts presented, to apply the mandatory support calculations set out in LSA-R.S. 9:315.9, even after finding Mr. Charles has physical custody of J.C. 56% of the year; 2) the juvenile court erred in finding Mr. Charles physical custody time with J.C. amounted to 56%; 8) the juvenile court erred in ordering Mr. Charles to pay for all school uniforms and school field trips; 4) the juvenile court erred in not giving Mr. Charles credit against arrearages for the child care costs which he paid directly to the child care facility; and 5) the juvenile court failed to address the request for tax exemption as granted by the hearing officer.
LAW AND ANALYSIS

Child support award

Mr. Charles argues the juvenile court erred in finding that he, as the non-domiciliary parent, was not entitled to any considerations or credits for the 56% of the physical time spent with J.C., and failing to apply the mandatory support calculation schedule, Worksheet B, set forth in LSA-R.S. 9:315.9. Mr. Charles ^asserts that Worksheet B was the proper schedule because he and Ms. Severance have a shared custody arrangement.
LSA-R.S. 9:315.8 provides, in pertinent part,
E. “Joint Custody” means a joint custody order that is not shared custody as defined in R.S. 9:315.9.
(1) In cases of joint custody, the court shall consider the period of time spent by the child with the nondomiciliary party as a basis for adjustment to the amount of child support to be paid during that period of time.
(2) If under a joint custody order, the person ordered to pay child support has physical custody of the child for more than seventy-three days, the court may order a credit to the child support obligation. A day for the purposes of this Paragraph shall be determined by the court; however, in no instance shall less than four hours of physical custody of the child constitute a day.
[[Image here]]
(5) Worksheet A reproduced in R.S. 9:315.20, or a substantially similar form adopted by local court rule, shall be used to determine child support in accordance with this Subsection.
[Emphasis added].
LSA-R.S. 9:315.9 provides, in pertinent part,
A.(l) “Shared custody” means a joint custody order in which each parent has physical custody of the child for an approximately equal amount of time.
[[Image here]]
B. Worksheet B reproduced in R.S. 9:315.20, or a substantially similar form adopted by local court rule, shall be used to determine child support in accordance with this Subsection.
In determining whether a particular arrangement is shared, LSA-R.S. 9:315.9 does not bind the trial court to a threshold percentage determined solely on the number of days. Broussard v. Rogers, 10-593 (La.App. 5 Cir. 1/11/11); 54 So.3d *183 826, 829. Rather, the statute mandates an “approximately equal amount of time.” The trial court has discretion in determining whether a particular arrangement constitutes “shared custody,” justifying the application of LSA-R.S. 9:315.9. Id. A trial court’s child support order will not be reversed absent abuse of discretion. Id. citing In Re: Borne v. Sutton, 04-826 (La.App. 5 Cir. 12/28/04); 892 So.2d 128.
|7In the instant matter, the juvenile court ordered Mr. Charles to pay $539.00 per month based upon the calculation that he spent 56% of the physical time with J.C. According to the exhibits, the juvenile court used Worksheet A (the joint custody worksheet) to determine the amount of the child support award. After review, we do not find the juvenile court erred in determining Mr. Charles and Ms. Severance have a joint custody order. There is no evidence in the record that Mr. Charles has a shared custody arrangement of J.C. with Ms. Severance. Contrary to Mr. Charles’ contention, the only trial court judgment[2] concerning custody specifies that he was awarded joint custody of J.C. Because the initial order for custody was rendered by the trial court, the juvenile court could not render a determination that Mr. Charles and Ms. Severance have a shared custody order.[3] Thus, the juvenile court was correct in using Worksheet A to determine the child support award based upon the joint custody order of the trial court.
Furthermore, during the July 18, 2011, disagreement hearing, the juvenile court judge specified that the child support award was based upon 56% of the time spent with J.C. And in a dialogue with Ms. Severance, the juvenile court judge stated that she would use the number of days awarded to Mr. Charles in the trial court order. Even if the juvenile court had not considered the number of days Mr. Charles spends with J.C., pursuant to LSA-R.S. 9:315.8, the juvenile court was not required to give a credit to Mr. Charles’ support obligation.
| ^Therefore, we do not find the juvenile court abused its discretion in determining Mr. Charles and Ms. Severance have a joint custody order and its use of Worksheet A in determining the amount of the child support award.

Finding of percentage of physical custody time

Mr. Charles argues the juvenile court erred in determining that the amount of his physical custody time with J.C. amounted to 56% of the year. Mr. Charles avers that he has J.C. 234 days of the year, which is based upon his physical custody of J.C. every Monday, Tuesday, and Thursday, as well as every other Friday, Saturday and Sunday. Mr. Charles specifically avers that the juvenile court erred because it did not include Sunday in the calculations of his time with J.C.; however, it should have been credited to him as a full day because he has the child for the greater part of the day. As such, Mr. *184 Charles asserts that the calculation with the inclusion of Sunday would amount to 57% of physical custody time with J.C. In the alternative, Mr. Charles argues that he should be, at minimum, credited for half of the day, which would equate to an additional 13 days of physical custody time for the year.
According to LSA-R.S. 9:315.8 E(2), “[a] day for the purposes of this Paragraph shall be determined by the court; however, in no instance shall less than four hours of physical custody of the child constitute a day.”
Because the court is given the discretion to determine what constitutes a day for child support purposes, we do not find the juvenile court erred in not calculating Sunday into Mr. Charles’ physical custody time with J.C.

Order to pay for school uniforms and field trips

Mr. Charles argues the trial court erred in ordering him to pay for all school uniforms, in which three sets of the uniforms have to be provided to Ms. Severance, and all school field trips, in addition to the support obligation. Mr. ^Charles contends the trial court failed to provide oral or written reasons for the deviation from the support order, as required by LSA-R.S. 9:315.1(B).
LSA-R.S. 9:315.1 provides, in pertinent part,
B.(l) The court may deviate from the guidelines set forth in this Part if their application would not be in the best interest of the child or would be inequitable to the parties. The court shall give specific oral or written reasons for the deviation, including a finding as to the amount of support that would have been required under a mechanical application of the guidelines and the particular facts and circumstances that warranted a deviation from the guidelines. The reasons shall be made part of the record of the proceedings.
LSA-R.S. 9:315.6 states,
By agreement of the parties or order of the court, the following expenses incurred on behalf of the child may be added to the basic child support obligation:
(1) Expenses of tuition, registration, books, and supply fees required for attending a special or private elementary or secondary school to meet the needs of the child.
(2) Any expenses for transportation of the child from one party to the other.
(3)Special expenses incurred for child rearing intended to enhance the health, athletic, social, or cultural' development of a child, including but not limited to camp, music or art lessons, travel, and school sponsored extracurricular activities.
LSA-R.S. 9:315.6 permits the costs for certain children’s clothes to be assessed in addition to the basic obligation if the clothes fit the criteria for extraordinary expenses. Walker v. Walker, 02-606 (La.App. 3 Cir. 12/4/02); 832 So.2d 1098, 1102.
Here, the juvenile court ordered Mr. Charles to pay for all of J.C.’s school uniforms, which included three sets to be kept at Ms. Severance’s residence. In addition, the juvenile court ordered Mr. Charles to pay for all of J.C.’s school field trips. Although the juvenile court judge did not provide written reasons for the deviation, she did provide oral reasons during the July 18, 2011 hearing. We find the oral reasons provided sufficient to meet the requirements of LSA-R.S. 9:315.6.
110After review, we do not find the juvenile court abused its discretion in ordering Mr. Charles to pay for all of J.C.’s school uniforms and field trips.

*185
Credit for arrearages

Mr. Charles argues the trial court erred in failing to give him a credit against the arrearages for the child care payments he paid directly to the child care facility. Mr. Charles avers he made three child care payments between February 2, 2011 and March 15, 2011, and is entitled to a credit for those payments.
After review of the July 18, 2011, disagreement hearing, we find that Mr. Charles raised the issue of receiving credit for his child care payment made directly to the child care facility; however, the juvenile court failed to rule upon that issue. Where a judgment is silent on an issue raised at trial, it is presumed that the trial court rejected it. Aupied v. Aupied, 09-636 (La.App. 5 Cir. 3/9/10); 38 So.3d 899, 904.
After consideration of the evidence presented in the record, we find the juvenile court abused its discretion in failing to credit Mr. Charles’ arrearages for the direct payments made to the child care facility J.C. attends. However, Mr. Charles only presented evidence for payments in the amounts of $125.00 each made on February 28, 2011 and March 15, 2011. Therefore, we reverse the juvenile court ruling and find Mr. Charles is entitled to a credit of $250.00 towards his arrearages for the payments made directly to the child care facility.

Tax exemption

Mr. Charles argues the juvenile court erred in failing to address his allowance for the tax exemption for the 2011 tax year and alternating years thereafter. Mr. Charles contends the hearing officer’s recommendation included the tax exemption provision, however, the trial court is silent on the issue. MrJ_yCharles further contends the hearing officer’s recommendation for the tax exemption should be affirmed.
After review of the transcript of the July 18, 2011, disagreement hearing, we find that neither party in this matter raised the issue before the juvenile court. Consequently, it is not properly before this Court for review. See Uniform Rules— Courts of Appeal, Rule 1-3.
DECREE
For the foregoing reasons, we affirm the following juvenile court orders against Mr. Jeffrey C. Charles: 1) child support in the amount of $539.00 per month plus court costs, 2) all school uniforms, and 3) all school field trips for J.C. We reverse the juvenile court’s denial of Mr. Charles’ credit for payments made directly to J.C.’s child care facility and award Mr. Charles a $250.00 credit towards his child support arrearages.

AFFIRMED IN PART; REVERSED AND RENDERED IN PART

CHAISSON, J., dissents in part, with reasons.

. It is noted that the document entitled "STIPULATIONS AND/OR RECOMMENDATIONS OF HEARING OFFICER” is the only document in the appellate court record from the 24th Judicial District Court proceedings.

. The trial court judgment being referenced is the custody arrangement agreed to in the "STIPULATIONS AND/OR RECOMMENDATIONS OF HEARING OFFICER" signed Mr. Charles and Ms. Severance on December 20, 2010. Since neither party filed a written objection to the stipulations and/or recommendations made before the hearing officer, the stipulations and/or recommendations became the order of the trial court. See LSA-R.S. 46:236.5 and Rule 24(A)(3)(3), Rules of the 24th Judicial District Court.

. See LSA-R.S. 13:1599 which states, "as between the Juvenile Court for the parish of Jefferson and the Twenty-Fourth Judicial District court, the court which renders the initial order for custody, visitation, or support shall have exclusive continuing jurisdiction to modify such order.”