SUSAN M. CHEHARDY, Chief Judge.
12This is the second appeal by Jeffrey Charles of the child support award regarding J.C. by the Jefferson Parish Juvenile Court. For the following reasons, we affirm.

Facts and Procedural History

On July 1, 2008, a child, J.C., was born to defendant/appellant, Jeffrey C. Charles, and Erica Severance Pilot. In 2010, Ms. Pilot was receiving services from the Louisiana Department of Children and Family Services so the State of Louisiana, Department of Children and Family Services filed a Rule for Child Support on August 16, 2010.[1] On October 25, 2010, the hearing officer recommended that Mr. Charles pay $657.00 per month, plus court costs, in child support, retroactive to August 16, 2010. State Dep’t of Children & Family Serv. ex rel. J.C. v. Charles, 11-1012 (La.App. 5 Cir. 5/31/12), 102 So.3d 179, 180-82. At the November 22, 2010 disagreement hearing triggered by Mr. Charles, the juvenile court judge upheld the hearing officer’s recommendation. Id.
|sOn December 20, 2010, Mr. Charles and Ms. Pilot stipulated to joint custody of J.C. with a specific custodial schedule. On the same date, Mr. Charles filed a Rule to Dismiss Child Support Proceedings. On February 1, 2011, the hearing officer determined that Mr. Charles had physical custody of J.C. 192 days of the year (which equated to 52% of the year), gave a credit on the arrearages owed by Mr. Charles, and suspended the child support order pending the receipt of proof of child care expenses. The matter was reset for a hearing to calculate the child care expenses. Id.
On March 15, 2011, the hearing officer heard testimony regarding child care expenses. The hearing officer calculated each parent’s physical custody time and reinstated the support order against Mr. Charles of $532.35 per month retroactive to February 1, 2011. Mr. Charles again disagreed with the hearing officer’s recommendation and triggered a disagreement hearing in juvenile court. On April 11, 2011, the juvenile court judge upheld the hearing officer’s recommendations. Id.
On May 31, 2011, Mr. Charles filed a Rule to Reduce Child Support. On June 7, 2011, the hearing officer found that Mr. Charles has physical custody of the child 56% of the year then reduced his child support obligation to $434.70 per month, retroactive to May 31, 2011. Both parents disagreed with this recommendation and triggered a disagreement hearing before the juvenile court. Id.
On July 18, 2011, the juvenile court judge determined that Mr. Charles had *1057 physical custody of J.C. 56% of the year and ordered Mr. Charles to pay child support in the amount of $589.00 per month plus court costs, retroactive to May 31, 2011. Mr. Charles was also ordered to pay for all school uniforms and school field trips and to continue providing medical insurance. Id.
14Mr. Charles appealed the amount of the support order, the order to pay for all school uniforms and school field trips, and the failure to credit him for amounts he paid directly to J.C.’s child care facility. Id. at 182. This Court affirmed the judgment against Mr. Charles in part, regarding the award of child support of $539.00 per month plus court costs, payment for all school uniforms, and all school field trips. This Court reversed the juvenile court and allowed Mr. Charles to receive credit for payments made directly to the child’s daycare facility and reduced the amount of Mr. Charles’ arrearages. State, Dep’t of Children & Family Servs. ex rel. J.C. v. Charles, 11-1012 (La.App. 5 Cir. 5/31/12), 102 So.3d 179, 185.
On September 19, 2012, Mr. Charles filed a Rule to Reduce Child Support on the basis that the expense of the child’s daycare decreased from $500.00 per month to $276.50 per month. On January 22, 2013, the hearing officer denied a reduction as the decrease did not meet the statutory minimum of 25%, specified in La. R.S. 9:311(C)(1). Again, Mr. Charles disagreed with the recommendation, which again triggered a disagreement hearing. At the February 25, 2013 disagreement hearing, the juvenile court judge found that the decrease did not amount to a 25% reduction and upheld the hearing officer’s recommendation. Mr. Charles appeals that ruling.

Law and Argument

On appeal, Mr. Charles raises three assignments of error: first, “the provision of Louisiana Revised Statute 9:311(0(1) is unconstitutional,” second, “to allow the current support obligation to be maintained would result in unjust enrichment to the recipient parent,” and finally, “the Court failed to review the changes in circumstances under” La. R.S. 9:311(A).
[Jn his first assignment of error, Mr. Charles contends that La. R.S. 9:311(C)(1) is unconstitutional “as it does not grant to a payor parent paying through the State the same rights as a payor parent who is not paying through the State.” Initially, we note that our review of the record reveals that this issue was not argued to the trial judge at the disagreement hearing.
“It is well-established that litigants must raise constitutional challenges in the trial court rather than in the appellate courts, and that the constitutional challenge must be specially pleaded and the grounds for the claim particularized.” Arrington v. Galen-Med, Inc., 06-2923 (La.2/2/07), 947 So.2d 719, 720. Moreover, “[i]f the statute, ordinance, or franchise is alleged to be unconstitutional, the attorney general of the state shall also be served with a copy of the proceeding and be entitled to be heard.” La. C.C.P. art. 1880.
The purpose of this requirement is to allow full argument and presentation of evidence at the trial court level in order to create a full record for appellate review. Arrington, supra. The supreme court has determined that its jurisdiction extends only over those issues that have been properly raised and ruled on at the trial court level. Church Point Wholesale Beverage Co., Inc. v. Tarver, 614 So.2d 697 (La.1993). Because this claim was not raised in, or ruled on by, the juvenile court, it is not before this Court on appeal. U.R.C.A. 1-3.
*1058 In his second assignment of error, appellant argues “to allow the current support obligation to be maintained would result in unjust enrichment to the recipient parent.” Specifically, appellant alleges that Erica Severance Pilot has been unjustly enriched by $67.00 per month while appellant was correspondingly impoverished by the same amount, which warrants a reduction.
La. C.C. art. 2298 provides, in pertinent part:
|fiA person who has been enriched without cause at the expense of another person is bound to compensate that person. The term ‘without cause’ is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.
In Baker v. Maclay Properties Co., 94-1529 (La.1/17/95), 648 So.2d 888, 897, the Louisiana Supreme Court stated that there are five elements required for a showing of unjust enrichment:
(1) there must be an enrichment;
(2) there must be an impoverishment;
(3) there must be a connection between the enrichment and resulting impoverishment;
(4) there must be an absence of ‘justification’ or ‘cause’ for the enrichment and the impoverishment; and
(5) there must be no other remedy at law available to the plaintiff.
To recover in an unjust enrichment action, the plaintiff must prove each of the five elements. See Fagot v. Parsons, 06-1528 (La.App. 4 Cir. 5/9/07), 958 So.2d 750, 752-53. Under Article 2298, the remedy of unjust enrichment is subsidiary in nature, and is “only applicable to fill a gap in the law where no express remedy is provided.” Walters v. MedSouth Record Management, LLC, 10-0353 (La.6/4/10), 38 So.3d 243, 244 (quoting Mouton v. State, 525 So.2d 1136, 1142 (La.App. 1 Cir.1988)).
In Gallo v. Gallo, 03-0794 (La.12/3/03), 861 So.2d 168, 178, the Louisiana Supreme Court held that,
although the child support payments were made to the mother, they were made for the benefit of the child, and the mother is under no obligation to refund the monies. Because the child support payments were received by the child, through the mother, the mother was not a person who received a payment not owed her, a requirement imposed by La. C.C. art. 2299 for reimbursement to be made.
In applying the law to the facts as presented to the juvenile court, we find that Mr. Charles’ payments were made to the child to fulfill his parental obligation, so there has been neither impoverishment to him nor enrichment to the child’s 17mother. See, Vaccari v. Vaccari, 10-2016 (La.12/10/10), 50 So.3d 139, 142 (citing Guillot v. Munn, 99-2132 (La.3/24/00), 756 So.2d 290, 295-96).
Further, the remedy of unjust enrichment is “only applicable to fill a gap in the law where no express remedy is provided.” Our legislature has provided ample remedy regarding child support matters. See, La. C.C. art. 141 et seq.; La. R.S. 9:311 et seq. Accordingly, the trial court did not err in its denial of this claim. This assignment of error lacks merit.
Finally, Mr. Charles argues that “the Court failed to review the changes in circumstances under” La. R.S. 9:311(A).
La. R.S. 9:311(C)(1) specifies “in cases where the Department of Children and Family Services is providing support enforcement services: ... A material change *1059 in circumstance exists when a strict application of the child support guidelines ... would result in at least a twenty-five percent change in the existing child support award.” State, Dep’t of Soc. Ser., ex rel. S.McC. v. J.A.McC., 03-108 (La.App. 5 Cir. 5/28/03), 848 So.2d 121, 124-25.
Here, the law precludes a reduction in the matter as presented. The hearing officer and the judge both found that the decrease in child care expenses resulted in only a 12.43% change in the existing child support award. Under La. R.S. 9:311(0(1), because there had not been a 25% change, there had not been a “material change in circumstance” in this matter. Both the hearing officer and the trial judge were correct. This assignment of error lacks merit.

Conclusion

Based on the foregoing, we find no error in the juvenile court’s ruling denying Mr. Charles’ reduction. The juvenile court’s ruling is affirmed. Costs of this appeal are assessed in their entirety to Mr. Charles.

AFFIRMED.

. Under La. R.S. 46:236.1.1 et seq, the State, Department of Children and Family Services may take direct civil action against a biological parent of a child and may obtain an order, judgment, or agreement of support for the child against the responsible person. See, State, Dep’t of Soc. Ser., ex rel. S.McC. v. J.A.McC., 03-108 (La.App. 5 Cir. 5/28/03), 848 So.2d 121, 122.