HANS J. LILJEBERG, Judge.
| j/The State of Louisiana, through the Department of Children and Family Services (“the State”), appeals the juvenile court judge’s order requiring the State to return to defendant, Frank Payne, his driver’s license, which was suspended for failure to pay child support. For the following reasons, we reverse the trial court’s ruling.

FACTS AND PROCEDURAL HISTORY

L.P., born on July 22, 2004, is the minor child of defendant, Frank Payne, and Shannon Crowley. In 2009, Ms. Crowley was receiving services from the State of Louisiana, Department of Children and Family Services, and on November 20, 2009, the State filed a Petition for Child Support against Mr. Payne, seeking support for L.P., with Ms. Crowley designated as the recipient.[1]
|sOn January 27, 2010, the parties appeared before the hearing officer, who recommended that Mr. Payne be ordered to pay $505.05 per month for L.P.’s support and court costs, retroactive to the date of filing. Mr. Payne did not agree with the recommended support order, so he requested a disagreement hearing. At the hearing on March 1, 2010, the juvenile court judge upheld the hearing officer’s recommendation. On this date, the juvenile court judge also ordered that the arrears, in the amount of $1,924.00, be made executory.
The record shows that after the initial order of child support, Mr. Payne repeatedly failed to comply with the court’s orders by failing to pay the amount of child support ordered, resulting in the State having to file Motions for Contempt. Due to Mr. Payne’s failure to comply with the order of child support, the amount of arrears exceeded $5,000.00 by February of 2011. Mr. Payne also did not appear for court on numerous occasions, causing additional inconvenience for the parties and the court.
On March 19, 2013, the hearing officer recommended that Mr. Payne be held in contempt for violating the court’s order of support, finding that Mr. Payne had the ability to comply with the support order but refused to do so. Mr. Payne disagreed with the hearing officer’s recommendation and requested a disagreement hearing. At the disagreement hearing on April 1, 2013, the juvenile court made the arrears executory in the amount of $6,731.36. During the hearing, Mr. Payne indicated that there was a “hold” on his driver’s license and he asked if he could have it back. The State replied that he could not have his license back until his arrears were under $2,500.00. Mr. Payne stated that he would not be able to keep his job without a driver’s license, and the juvenile court judge stated, “I will give him his license back” and “I’m going to release the hold on the license.” | ¿Thereafter, the juvenile court judge signed a written judgment, ordering that the State return Mr. Payne’s driver’s license to him.
On April 3, 2013, the State filed a Motion for New Trial, arguing that the juvenile court judge erred by ordering the State to return Mr. Payne’s license and noting that license suspension is an effective administrative enforcement device used by the State. The State also noted that Mr. Payne’s arrears were $6,731.36 at *330 that time. After a hearing on July 8, 2013, the juvenile court judge denied the Motion for New Trial. The State appeals.

LAW AND DISCUSSION

On appeal, the State argues that the juvenile court judge erred by removing the “hold” on Mr. Payne’s driver’s license. It asserts that the legislature has given the State the authority to suspend licenses for nonpayment of child support, and that this administrative function cannot be modified by the juvenile court without first exhausting the administrative remedies provided by law.[2]
The Louisiana Revised Statutes authorize the suspension of a child support obli-gor’s driver’s license, either judicially or administratively, for nonpayment of support. The provisions and procedures for judicial suspension of a driver’s license are set forth in LSA-R.S. 9:315.30 et seq. The provisions and procedures for administrative suspension of a driver’s license are set forth in LSA-R.S. 9:315.40 et seq. While the record does not contain documentation pertaining to the nature of the suspension of Mr. Payne’s driver’s license, it is undisputed that Mr. Payne’s driver’s license was administratively suspended.
A brief review of the applicable and pertinent revised statutes is necessary to understand the procedure set forth by the legislature for administrative suspension of a child support obligor’s driver’s license. First, LSA-R.S. 9:315.41 provides Rthat the Department of Children and Family Services may send a notice of child support delinquency to an obligor who is not in compliance with a child support order informing him of the department’s intention to submit his name to the licensing authority for suspension of his license. Pursuant to LSA-R.S. 9:315.42(A), within 20 days after receipt of the notice of child support delinquency, the obligor may file a written objection requesting an administrative hearing to determine whether he is in compliance with an order of support. LSA-R.S. 9:315.42(B) states that if the obligor does not timely file a written objection or enter into an agreement with the department for periodic payments on a support arrearage, the department shall certify the obligor’s noncompliance to the licensing authority for license suspension. Pursuant to LSA-R.S. 9:315.43, upon receipt of a timely objection, the department shall conduct an administrative hearing in accordance with the Administrative Procedures Act. LSA-R.S. 9:315.45 provides that within 30 days after receipt of certification of noncompliance from the department, the licensing authority shall suspend the license of the licensee and notify him that his license has been suspended for noncompliance with an order of support. Finally, LSA-R.S. 9:315.47 sets forth that the licensing authority shall issue, reissue, or renew the obligor’s license upon receipt of a certified copy of a compliance or partial compliance release from the department.
As a general rule, a person aggrieved by the action of a state agency must exhaust all administrative remedies before being entitled to judicial review. Liberty Mut. Ins. Co. v. Louisiana Ins. Rating Commission, 97-1043, p. 7 (La.App. 1 Cir. 6/29/98), 713 So.2d 1250, 1254, writ denied, 98-2072 (La.11/6/98), 728 So.2d 396; Polk v. State, through Dept. of Transp. and Development, 538 So.2d 239, 250 (La.1989). The rationale of this requirement is that disputes pertaining to matters of agency regulation should ordi *331 narily be addressed by the | ^administrative tribunals which the legislature created to decide such issues. Kenner Firefighters Association Local No. 1427 v. City of Kenner, 96-361, p. 6 (La.App. 5 Cir. 11/14/96), 685 So.2d 265, 268. The purpose of the exhaustion doctrine is to allow the agency whose decision is under attack the opportunity to review, supplement, and/or correct its decision, if necessary. Id.; Haygood v. Dies, 47,765, p. 12 (La.App. 2 Cir. 5/15/13), 114 So.3d 1206, 1214.
The legislature specifically gave the Department of Children and Family Services the authority to suspend an obligor’s driver’s license for noncompliance with a support order, and the procedure for administrative suspension of the obligor’s license is clearly set forth in detail in LSA-R.S. 9:315.40 et seq. In the present case, the parties agree that Mr. Payne’s license was administratively suspended by the department. The record does not show that Mr. Payne timely objected to the suspension of his license, requested an administrative hearing, or otherwise availed himself of the administrative remedies for return of his driver’s license. Rather, Mr. Payne simply asked for his license back at a hearing before the juvenile court judge, without filing any motion or providing notice of his request to the State, and the juvenile court judge granted his request.[3]
The record shows that Mr. Payne has repeatedly failed to comply with the court’s child support orders. Thus, the Department of Children and Family Services was authorized to suspend his driver’s license for noncompliance with an order of support. Mr. Payne did not file an objection to the suspension of his license or request an administrative hearing, as required by LSA-R.S. 9:315.42 and LSA-R.S. 9:315.43. We are unaware of any provision in the law allowing a | juvenile court judge to overrule or rescind the administrative suspension of an obligor’s driver’s license without requiring compliance with the specific procedures set forth in LSA-9:315.40 et seq. Accordingly, we find that the juvenile court judge erred by ordering the State to return Mr. Payne’s driver’s license to him, and we reverse that ruling.

DECREE

For the foregoing reasons, we reverse the ruling of the juvenile court judge, releasing the “hold” on Mr. Payne’s driver’s license and ordering the State to return Mr. Payne’s license to him.

REVERSED.

. Pursuant to LSA-R.S. 46:236.1.1 et seq., the State of Louisiana, Department of Children and Family Services, may take direct civil action against the biological parent of a child and obtain an order, judgment, or agreement of support for the child. See State Dept. of Children and Family Services ex rel. J.C. v. Charles, 13-527 (La.App. 5 Cir. 12/27/13), 131 So.3d 1054.

. Mr. Payne has not filed an appellee brief with this Court in opposition to the State’s appeal.

. At the hearing on the State's Motion for New Trial, the juvenile court judge stated that “perhaps if he had his driver's license back, he could then get another job, and make ever [sic] more payments." However, we note that the record provides no evidence to suggest that Mr. Payne would get another job if he had his license returned, considering that he consistently failed to make complete and timely child support payments before his license was suspended. Mr. Payne also admitted in court that he was getting a ride to work, and there is no evidence that he would lose his job without a driver’s license.